461 A.2d 600

Mary E. CONNOR and Earl T. Connor, her husband, Appellants,

v.

ALLEGHENY GENERAL HOSPITAL, Appellee.

Supreme Court of Pennsylvania.

Argued March 8, 1983.

Decided April 27, 1983.

Reargument Denied July 6, 1983.

Leonard E. Price, Pittsburgh, for appellants.

Louis B. Loughren, Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

LARSEN, Justice.

On November 22, 1973, appellant Mary E. Connor was admitted as an emergency patient to appellee Allegheny General Hospital with abdominal distress. As part of her treatment, on November 26, 1973 appellant underwent a barium enema. During the procedure, and continuing for several hours thereafter, barium solution leaked out of a perforation in appellant's colon into her abdominal cavity, ultimately necessitating surgery to remove the barium. Further surgeries were required to drain an abscess which had formed after the first surgery, to remove damaged portions of the colon and one ovary, and to repair and remove adhesions which had formed on the colon.

On October 15, 1975, based upon the expert opinion of Cyril H. Wecht, M.D., appellants Mary E. and Earl T. Connor, filed their complaint in trespass and assumpsit against appellee. It was Dr. Wecht's opinion that the leakage of barium from appellant's colon was "a quite unexpected and dangerous condition, and one which does not ordinarily occur if a barium enema is performed properly and carefully." Accordingly, the complaint alleged that the hospital, acting individually and through its employees, was negligent:

a. In perforating the sigmoid colon during the performance of a barium enema procedure;

b. In perforating the sigmoid colon and causing extravasation of the barium into the abdominal cavity causing barium peritonitis;

. . . .

f. In otherwise failing to use due care and caution under the circumstances.

On November 28, 1977, the case was called for trial. Trial was postponed, however, because Dr. Wecht refused to testi-

fy.[1] Thereafter, appellant obtained a new expert, Bernard Neff, M.D. Dr. Neff was unable to determine whether appellant's colon had perforated prior to or during the barium enema. Nevertheless, he was of the opinion that once perforation of the colon had occurred and barium had begun to leak into the abdominal cavity, "there was hesitation on the part of the radiologist to make a definitive diagnosis of perforation," and "there was undue delay in performing surgery on a patient with perforation and acute peritonitis."

The case was called again for trial, and on November 26, 1979, appellants filed a motion to amend their complaint by adding, *inter alia,* the following allegation: [2]

4. After it became apparent or should have become apparent ... that barium with accompanying intestinal contents had extravasated into the abdominal cavity, the necessary laparotomy and cleansing of the abdominal cavity ... was delayed improperly causing the barium and intestinal contents to remain within the abdominal cavity causing extensive peritonitis, formation of adhesions and a pericolic abscess.

This motion to amend the complaint was denied. Subsequently, the court of common pleas granted appellee's motion for summary judgment and dismissed appellants' complaint. On appeal, a three-judge panel of the Superior Court (Cirillo, J., dissenting) affirmed, holding that the proposed amendment to appellants' complaint was barred by the statute of limitations because it "sought to add new

---

1. Although the record is silent on this point, Dr. Wecht's refusal to testify was apparently based on a rule of the Pennsylvania Medical Society which calls for dismissal of member physicians from the Society if they testify as experts for plaintiffs in malpractice cases outside their areas of expertise.

2. Appellants also moved to amend their complaint on November 9, 1979 by adding an allegation concerning a negligent undertaking to perform services. This motion was denied without prejudice to appellants' right to request a jury instruction based on this theory of negligence. Since this allegation was not reasserted in appellants' second motion to amend and since the order denying it was never appealed, this proposed amendment is not at issue on this appeal.

allegations of negligent acts by proceeding on a different theory," and that since appellants were unable to produce expert testimony to prove the allegations of their original complaint, appellee was entitled to judgment as a matter of law. *Connor v. Allegheny General Hospital,* 300 Pa.Super. 321, 446 A.2d 635 (1982). We granted allocatur, and we now reverse.

■ Appellants first argue that the Superior Court erred in affirming the trial court's denial of their motion to amend their complaint. We agree.

This Court has held that

the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party . . . . An amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant . . . . This would constitute "resulting prejudice" to the adverse party. *However, if the proposed amendment does not change the cause of action but merely amplifies that which has already been averred, it should be allowed even though the Statute of Limitations has already run.*

*Schaffer v. Larzelere,* 410 Pa. 402, 406–07, 189 A.2d 267, 270 (1963) (emphasis added). *See also Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 243, 431 A.2d 237, 239 (1981).

In this case, appellants' proposed amendment does, in fact, amplify one of the allegations of the original complaint. In their original complaint, appellants did not merely allege that the barium enema had been negligently performed. Rather, appellants also alleged that appellee, acting individually and through its employees, was negligent "[i]n otherwise failing to use due care and caution under the circumstances." Appellants' proposed amendment simply specifies the other ways in which appellee was negligent in this case.

■ Since appellants' proposed amendment does not change the original cause of action, but rather merely amplifies it, the amendment would not result in any prejudice to

appellee.[3]  In view of the policy that the right to amend should be liberally granted, and in view of the fact that the amendment in this case would not have worked a prejudice against appellee, it was an abuse of discretion for the trial court to refuse the proposed amendment, and it was error for the Superior Court to uphold the trial court's action.

■  Appellants next argue that the Superior Court erred in affirming the trial court's grant of summary judgment. The Superior Court's order was based upon its conclusion that appellants could neither amend, nor prove, their original complaint.  Had this conclusion been correct, we would find no error in the Superior Court's order affirming the grant of summary judgment.  We have concluded, however, that it was error to deny appellants permission to amend their complaint.  Thus, the order affirming the grant of summary judgment must be reversed so that appellants may amend their complaint and present any material issues of fact to a jury at trial.

The order of the Superior Court is reversed and the case is remanded for further proceedings consistent with this opinion.

ROBERTS, C.J., files a concurring opinion.

NIX, J., files a dissenting opinion.

---

**3.**  If appellee did not know how it "otherwise fail[ed] to use due care and caution under the circumstances," it could have filed a preliminary objection in the nature of a request for a more specific pleading or it could have moved to strike that portion of appellants' complaint.  *Compare Arner v. Sokol,* 373 Pa. 587, 592–93, 96 A.2d 854, 856 (1953), citing *King v. Brillhart,* 271 Pa. 301, 114 A. 515, 516 (1921) ("[T]he [plaintiff's statement] may not be a statement in a concise and summary form of the material facts upon which the plaintiff relies . . .; but, if not, it was waived by defendant's affidavit to and going to trial upon the merits . . . a defendant may move to strike off an insufficient statement, or, if it is too indefinite, may obtain a rule for one more specific.  Failing to do either, he will not be entitled to a compulsory nonsuit because of the general character of plaintiff's statement.").  In this case, however, appellee apparently understood this allegation of appellants' complaint well enough to simply deny it in its answer.  Thus, appellee cannot now claim that it was prejudiced by the late amplification of this allegation in appellants' complaint.

ROBERTS, Chief Justice, concurring.

As appellants' original complaint provided appellee with ample notice of the theory which appellants sought to pursue in the proposed amendment to the complaint, I agree that the order of the Superior Court must be reversed and the record remanded for trial on the amended complaint.

NIX, Justice, dissenting.

I cannot agree that the allegations of the proposed amended complaint merely amplify the initial cause of action. The operative facts supporting the claim have been changed so that the act charged with causing the harm is one of omission rather than one of commission. When appellants could not prove that the barium enema procedure caused the perforation of the colon, the original cause of action was abandoned. The amended complaint's allegation that the negligence upon which suit is brought consists of delay in determining and performing the "necessary laparotomy and cleansing of the abdominal cavity" is manifestly a new cause of action.

A cause of action in negligence has been defined as the negligent act or acts which occasioned the injury for which relief is sought. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966); *Cox v. Wilkes-Barre Railway Corporation,* 334 Pa. 568, 570, 6 A.2d 538 (1939). A new cause of action arises if the amendment proposes a *different theory* or a *different kind of negligence than* the one *previously raised* or if the *operative facts supporting the claim are changed. Junk v. East End Fire Dept.,* 262 Pa.Super.Ct. 473, 490–491, 396 A.2d 1269, 1277 (1978). 2B Anderson, Pennsylvania Civil Practice, § 1033.28 and 1033.31. *Accord Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 431 A.2d 237 (1981); *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A.2d 676 (1966).

And while it is true that the right to amend should be liberally granted, an amendment introducing a new cause of

action will not be permitted after the statute of limitations has run. *See Laursen v. General Hospital of Monroe County, supra; Kuisis v. Baldin-Lima-Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914 (1974); *Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963).

Here, appellants attempted to avoid a dismissal by attempting to amend the complaint at the day of trial. Appellants no longer alleged that the perforation of the sigmoid colon caused barium peritonitis. Now it is sought to be charged that the "necessary laparotomy and cleansing of the abdominal cavity . . ." was delayed improperly, causing extensive peritonitis. The alleged negligence of failing to immediately perform surgery and to cleanse the abdominal cavity are acts which occurred after the perforation of the colon. Of necessity, the proof required to defend also must change when new supporting facts are alleged. This would result in prejudice to the adverse party. *Wilson v. Howard Johnson Restaurant, supra; Junk v. East End Fire Depart., supra.*

However, I do not believe that the boiler-plate allegation of negligence in the complaint, seized upon by the majority as encompassing the subsequent specification of negligence, should be allowed to defeat the salutory purpose of the statute of limitations and frustrate the objectives of our longstanding practice of fact pleading. *Schaffer v. Larzelere, supra.*

The decision to grant or deny permission to amend is within the discretion of the trial court and should be reversed only upon a showing of a clear abuse of discretion. *Geiman v. Board of Assessment and Revision of Taxes,* 412 Pa. 608, 195 A.2d 352 (1963); *Schaffer v. Larzelere, supra.* There is no such abuse of discretion here. Even if this were a case where reasonable minds could differ, the lower court should not be reversed.

I therefore dissent.