## George v. Ayoub

*Michael C. Pribanic,* for plaintiff.

*Linton L. Moyer,* for defendent Monsour Hospital.

*Marshall J. Tindall,* for defendant Frick Community Health Center.

*David A. Damico,* for defendant Ayoub.

*Frederick N. Engler,* for defendant El-Attrache.

ACKERMAN, *J.,* March 25, 1988 — This case involves a medical malpractice action commenced by plaintiff, David George, against his treating physicians and two area hospitals. Plaintiff is seeking damages for injuries sustained to his knee and leg following treatment in the aftermath of an accident.

Presently before the court are the preliminary objections of the two hospitals.

### The Sufficiency of Plaintiff's Allegations of Negligence

The hospitals have filed motions to strike sub-paragraphs (a), (e), (h), (i) and (j) of paragraph 26 in Count V which alleges negligent conduct on the part of Monsour Hospital, and the same subparagraphs of paragraph 36 in Count VII which alleges negligence as to the Frick Community Health Center. Their reasons are the same, that these sub-paragraphs fail to comply with Pennsylvania Rule of Civil Procedure 1019(a) which provides that, "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form," and that a violation of this rule may and should be addressed in preliminary objections. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983).

The allegations objected to are the same for each hospital.

"(a) Defendant failed to provide plaintiff with proper medical services, care and attention which would have been provided by a reasonable medical practitioner under the circumstances;

"(e) Defendant failed to follow proper medical procedures pertaining to the diagnosis, surgery, care, and treatment of plaintiff's dislocated knee;

"(h) Defendant failed to act as a reasonably prudent hospital in the care, treatment, aid, assistance, and diagnosis of plaintiff's injuries;

"(i) Defendant was otherwise careless and negligent with respect to plaintiff by and through its agents, servants, and employees, Omar Ayoub, M.D. and Selim El-Attrache, M.D., F.A.C.S. as more fully set forth in paragraph 7 and 17 hereinabove which are incorporated herein by reference hereto.

"(j) Defendant otherwise failed to exercise due care under the circumstances."

I conclude that these allegations, with the exception of subsection (i) (which by reference to paragraphs 7 and 17 of the complaint details specific acts of negligence on the part of the treating physicians) do not conform to the requirements of rule 1019(a) since no specific facts are pled which alerts the hospitals to the conduct that they are required to defend.

Plaintiff asks the court to consider the reasoning of *Klein v. Montefiore Hospital,* 132 P.L.J. 526 (1984) to the effect that the absence of precise allegations is sometimes excusable where there is no prejudice and the broad language complained of can be read in the context of other language that is specific. However, in reviewing the complaint as a whole, I do not find the other allegations so specific

that they would necessarily satisfy the reasoning in *Klein*.

A more appropriate remedy than a motion to strike, however, will be an order directing the plaintiff to file a more specific pleading as to the allegations in these subsections.

## Demurrer as to Informed Consent

While there are no appellate decisions on point, both hospitals correctly contend, based upon the reasoning of the common pleas' cases cited below, that since physicians and not hospitals provide medical services to a patient, that a hospital has no duty to advise and inform the patient as to his medical condition. In other words, a claim that the patient did not give his informed consent to a medical procedure cannot be made against a hospital since the duty to inform rests solely on the patient's physicians. *Logesky v. Sheptak,* 123 P.L.J. 67 (1973); *Hurley v. Won,* 9 D.&C. 3d 796 (1979); *Margotta v. Lancaster General Hospital,* 47 D.&C. 3d 300 (1987).

While there is no direct duty on the part of a hospital to inform the patient, I note that plaintiff's complaint alleges that the treating physicians of plaintiff, who allegedly failed to provide the necessary information, were agents, servants, and employees of defendant hospitals. Can the hospitals then be held liable under the doctrine of respondeat superior? The only court to address this issue in Pennsylvania concluded that since Pennsylvania's adoption and application of the doctrine of informed consent is based on a battery theory rather than on a negligence theory, that the doctrine cannot be applied to a hospital vicariously. *Margotta v. Lancaster General Hospital, supra,* at 497. I concur with the opinion of the *Margotta* court.

Since a demurrer admits all well-pleaded facts, but not conclusions of law, I find that plaintiff has not stated a cause of action against the hospitals vis-a-vis the theory of informed consent, and that the demurrer to those paragraphs where the theory is alleged against the hospitals will be sustained.

## The Assumpsit Counts

Defendant hospitals have also demurred to Counts VI and VIII which allege that the hospitals are liable to plaintiff because they have breached their contracts with him. Plaintiff has not countered the demurrer to these counts with an argument in his brief.

The general rule is that a health care provider neither warrants nor guarantees a cure, but an exception may arise where there is an express contract to provide specific results, as is sometimes seen in sterility cases. See *Mason v. Western Pennsylvania Hospital,* 286 Pa. 354, 428 A.2d 1366 (1981); *Shaheen v. Knight,* 11 D.&C. 2d 41 (1957). While the language in counts VI and VIII asserts that defendants "promised, warranted and agreed, expressly and/or impliedly to perform medical services. . . ," it is clear from reading the counts in their entirety that plaintiff is relying upon an implied and not an expressed contract; and, it is evident, that there was no warranty for a specific result alleged. In addition, I agree with defendants that the assumpit counts simply duplicate the trespass counts and, as such, are redundant. See *Peterman v. Geisinger Medical Center,* 8 D.&C. 3d 432 (1978). Such counts place a burden on the litigation process without enhancing plaintiff's prospects for recovery.

Defendant's demurrer to counts VI and VIII will be sustained.

## ORDER OF COURT

And now, March 25, 1988, upon consideration of the preliminary objections filed by Monsour Medical Center and Frick Community Health Center, it is hereby ordered, adjudged and decreed as follows:

(1) Plaintiff is directed to file a more specific pleading relative to the allegations now contained in subparagraphs 26(a), (e), (h) and (j) within 30 days from the date of this order, more specifically pleading the nature of the acts or omissions by which Monsour Medical Center is allegedly negligent;

(2) Plaintiff is directed to file a more specific pleading relative to subparagraphs 36 (a), (e), (h) and (j) within 30 days from the date of this order, more specifically pleading the nature of the acts or omissions by which Frick Community Health Center is allegedly negligent;

(3) The demurrer of the Monsour Medical Center to subparagraphs 26 (f) and (g) is hereby sustained and said subparagraphs are hereby stricken from plaintiff's complaint with prejudice;

(4) The demurrer of the Frick Community Health Center to subparagraphs 36 (f) and (g) is hereby sustained and said subparagraphs are hereby stricken from the plaintiff's complaint with prejudice;

(5) The demurrer of Monsour Medical Center to count VI of plaintiff's complaint is hereby sustained and said count is hereby stricken with prejudice from plaintiff's complaint;

(6) The demurrer of Frick Community Health Center to count VIII of plaintiff's complaint is hereby sustained and said count is hereby stricken with prejudice from plaintiff's complaint.