## Rivera v. Arbor Place Inc.

*Scott K. Oberholtzer,* for plaintiffs.
*Kendra D. Feldman,* for defendant.
*David L. Schwalm,* for defendant.

GEORGELIS, *J.,* October 25, 1989 — Before the court are plaintiffs' preliminary objections to the new matter of defendant, Arbor Place Inc. Briefs have been filed, and the objections are therefore ready for disposition. For the reasons stated below, they will be sustained.

This action arises out of an accident, which occurred on March 19, 1987 and in which David Rivera, a minor, was injured. The complaint alleges the negligence of defendants. In its new matter, filed with its answer to the complaint, Arbor Place pleads the affirmative defenses of the statute of limitations, the assumption of the risk, plaintiffs' comparative negligence and superseding and/or intervening causes.

Plaintiffs' objections are in the nature of a motion for a more specific pleading and object to a lack of specificity in paragraphs 84 through 87 of the new matter. Those paragraphs read as follows:

"(84) Plaintiffs are barred by the applicable statute of limitations.

"(85) Plaintiffs assumed the risks of their actions and inactions.

"(86) Plaintiffs were comparatively and contributorily* negligent.

"(87) Actions of others and not Arbor Place acted as superseding and/or intervening causes, and Arbor Place cannot, pursuant to Pennsylvania law, be held liable for the alleged injuries to plaintiffs."

Plaintiffs' position is that: (a) paragraphs 84 through 87 violate Pa.R.C.P. 1019(a), which requires that the material facts on which a defense is based be stated in a concise and summary form; (b) Arbor Place should be held to the standard established by our Supreme Court in *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983) for plaintiffs; and (c) as stated, paragraphs 84 through 87 prevent them from complying with Pa.R.C.P. 1029(a), which requires a responsive pleading to admit or deny each averment of fact in the pleading to which it is responsive. Arbor Place's position is that: (a) paragraphs 84 through 87 simply state available affirmative defenses to plaintiffs' cause of action and preserve the availability of those defenses in the event that the discovery process proves them viable; (b) Pa.R.C.P. 1029(a) requires the admission or denial only of an averment of fact and, since paragraphs 84 through 87 state conclusions of law, plaintiffs may respond to them without specifically admitting or denying them and without violating the rule; and (c) plaintiffs have failed to show how they have been prejudiced

---

* We believe that the defense of contributory negligence was abrogated by the passage of the Pennsylvania Comparative Negligence Act, and, even though Pennsylvania courts and litigants continue to use the contributory negligence terminology, we believe a plaintiff's negligence should now more accurately be referred to as his comparative negligence, not his contributory negligence.

by the paragraphs in question, since a specific factual response is unnecessary.

We agree with Arbor Place's interpretation of Pa.R.C.P. 1029(a), which states, in pertinent part, as follows: "[a] responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive." We agree with Arbor Place that paragraphs 84 through 87 state conclusions of law and that Pa.R.C.P. 1029(a) does not require a responsive pleading to them.

However, plaintiffs' other two arguments are persuasive, and we believe they are determinative of the issue before us. We will address the *Connor* argument first. In *Connor, supra,* our Supreme Court reversed the trial court's and Superior Court's refusals to permit an amendment to the complaint. In doing so, it held that allegations in the complaint that defendant was negligent for "otherwise failing to use due care and caution under the circumstances" permitted plaintiffs, even after the passing of the statute of limitations, to amend their complaint to specify the other ways in which plaintiffs believed defendant was negligent. In footnote 3, in *Connor* at 311, 461 A.2d at 602, the court explained that, if the "otherwise negligent" language of the complaint had been objectionable, defendant should have preliminarily objected to it by moving the court to strike it or to require a more specific pleading. *Connor* has been used by Pennsylvania courts, including this one, to preclude boilerplate negligence allegations in complaints. Plaintiffs ask us now to apply the *Connor* holding to Arbor Place's new matter.

Even though we believe that a better approach to dealing with such boilerplate negligence allegations in both the pleadings of plaintiffs and defendants, so

long as causes of action and defenses are sufficiently pleaded to permit their general identification and responses to them, is to permit such allegations and allow the parties to explore their viability through discovery, it is clear that the law in Pennsylvania precludes plaintiffs from using them. We see no reason why this same standard should not apply to defendants.

In stating that plaintiffs assumed the risk and were comparatively negligent and that superseding and/or intervening causes produced plaintiffs' injuries, Arbor Place is alleging the negligence of plaintiffs and of others. *Connor* requires plaintiffs to specifically plead their negligence, and we believe it is equally applicable to require Arbor Place to specifically plead the facts which it believes give rise to plaintiffs' assumption of risk and comparative negligence and the alleged superseding and/or intervening causes. Similarly, the statement of how Arbor Place believes plaintiffs are barred by the statute of limitations should be a simple matter for Arbor Place to specifically identify.

Plaintiffs' Pa.R.C.P. 1019(a) argument supports our holding. Applying the *Connor* standard to defendants' negligence pleadings is consistent with the requirement of that rule. As noted above, it requires the statement of the material facts of a defense in a concise and summary form. We do not believe that paragraphs 84 through 87 meet this requirement.

. Accordingly, we enter the following

## ORDER

And now, October 25, 1989, for all of the reasons stated in the foregoing opinion, plaintiffs' preliminary objections to the new matter of defendant,

Arbor Place Inc., are sustained. Arbor Place Inc. is directed to more specifically plead, within 20 days of the date of this order, the affirmative defenses contained in paragraphs 84 through 87 of its new matter.