PODCASY, J.,
This matter comes before the court once again on the motion to strike filed by plaintiff to the answer and new matter of defendants above named. The cause of action arises out of a slip-and-fall incident which occurred at the Shop Rite Supermarket in Kingston on July 2, 1987. A complaint and an amended complaint were filed by plaintiff on June 28, 1989.
Defendants initially filed preliminary objections in the nature of a demurrer and more specific complaint on July 25, 1989. We granted the preliminary objections and gave plaintiff leave to file an amended complaint.
Plaintiff filed this second amended complaint and defendants again filed preliminary objections in the nature of a demurrer and more specific pleading.
The second set of preliminary objections were denied and defendants filed their answer and new matter to same on June 15, 1990. Plaintiffs reciprocated with preliminary objections to defendants’ answer and new matter in the form of a motion to strike.
The issues in the present preliminary objections center on the following allegation of defendants’ answer and new matter found at paragraph 40:
“The proximate cause of plaintiff’s fall was his failure to utilize the entrance as a means of ingress to the answering defendants’ premises, failing to *465 exercise due caution and pay sufficient attention to where he was walking, and in failing to exercise due care under the circumstances.”
Pennsylvania Rule of Civil Procedure 1017(b)(2) provides a party the right to objection in the form of a motion to strike.*
Plaintiff argues that the language in defendants’ answer and new matter is boilerplate, conclusory in nature and adds no facts to their pleading, and therefore should be stricken.
Plaintiff relies on Connor v. Allegheny General Hospital, 501 Pa. 306, 461 A.2d 600 (1983), wherein our Supreme Court suggested that an averment of “otherwise failing] to use due care and caution under the circumstances” may be the subject of a preliminary objection in the nature of a request for a more specific pleading or motion to strike. Connor, supra, at 311 n.3, 461 A.2d at 602 n.3.
Our court recently has taken a lead from Connor. In Badowski v. Acme Markets, 80 Luzerne Leg. Reg. 44, 47 (1990), Judge Augello stated that the language contained in plaintiff’s complaint as “negligence at law” was:
“[S]o general as to fail to provide defendant with information sufficient to enable it to prepare its defense. In view of the possible prejudice to the defendant if the general averment of negligence is permitted to stand . . . we sustain the motion for a more specific pleading with instructions that if plaintiff cannot plead with greater specificity, paragraph 6(f) of plaintiff’s complaint be stricken.”
*466 Prior to Badowski, supra, our court in Hustey v. Hustey, 71 Luzerne Leg. Reg. 199 (1986) held that the language “in otherwise failing to exercise reasonable care given the circumstances” added nothing of factual significance to the plaintiff’s complaint, failed to apprise the answering party of the claims it purported to raise and was unduly prejudicial. In both Badowski and Hustey, supra, and presumably in Connor, the pleading circumstances are distinguishable from the instant case in that the pleading examined was a plaintiff’s complaint. The Badowski and Hustey decisions of our courts centered on the possibility of prejudice because of a later amendment to the boilerplate averment of a complaint.
On the other hand, the present averment is contained in new matter and the possibility that this averment will be later amended is remote. Additionally, given the protraction that has accompanied this litigation, we find the need for judicial economy outweighs the potential prejudice to plaintiff.
For the reasons set forth above, we enter the attached
ORDER
And now, November 27, 1990, at 11:30 a.m., it is hereby ordered, adjudged and decreed as follows:
(1) Preliminary objections filed by plaintiff to defendant’s answer and new matter are denied and dismissed;
(2) Plaintiff is directed to make answer to defendant’s new matter within 20 days hereof; and
(3) The prothonotary is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.

 Pa.R.C.P. 1017(b)(2) provides as follows:
“Preliminary objections are available to any party and are limited to a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter.”