DISSENTING OPINION
RAUP, P.J.,
November 29, 1990 — It is more important that there be a single consistent ruling on the issue presented by the preliminary objections, than that either of the two conflicting viewpoints prevail. The majority opinion rendered today will provide litigants in our county with certainty as to the way the judges of this court will henceforth resolve the issue.
In the event the issue is ever presented to an appellate court or to the civil Procedural Rules Committee, I would like to record my dissent and reasoning.
The issues with respect to specificity in pleading negligence in a plaintiff’s complaint (or a defendant’s counterclaim) are distinct from those relating to the allegation of an affirmative defense of contributory negligence or assumption of risk. To our *398 thinking, neither the Rules of Civil Procedure, the Supreme Court holding in Connor v. Allegheny Hospital, 501 Pa. 306, 461 A.2d 600 (1983), nor concerns about judicial efficiency support the conclusion reached by the majority.
The requirements of the Rules of Civil Procedure must be viewed in the context of the pertinent history and the general pleading scheme set forth in those rules.
A plaintiff is allowed literally years in which to gather the information necessary to fashion a complaint which contains specific allegations of the material facts on which the causes of action are based. A defendant is allowed only 20 days from the service of that complaint in which to file a responsive pleading upon risk of suffering a default judgment. Until 1984 the defenses of contributory negligence (with which we are presented in this case) and assumption of risk were not required to be pleaded at all, rather, the mere filing of an appearance was sufficient to allow the defendant to present such defenses at trial. The reasoning behind that old practice was two-fold: (1) It was considered unlikely that a defendant would have sufficient knowledge to file more than a “lack of knowledge” response; and (2) As a practical matter, the plaintiff gained little knowledge through a defendant’s pleading as he was already aware of the common defenses available in a negligence case. See Goodrich-Amram 2d, §1045(b) (1976). The rules were revised in 1984, primarily to consolidate the rules applying to actions in assump-sit and in trespass into a single form of civil action; there was no intent to revise in a substantive way the pleading of affirmative defenses in trespass claims. See Pa. Bulletin Vol. 13, no. 83 at 3999-4001.
The resulting rule, Rule 1030, contains the following language:
*399 “Rule 1030. New Matter
“All affirmative defenses, including but not limited to the defenses of accord and satisfaction, arbitration and award, assumption of risk, consent, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of service, justification, laches, license, payment, privilege, release, res judicata, statute of fraud, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading ‘new matter.’ A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleadings.” (emphasis supplied)
The former rule, 1045(b), was rescinded.
The majority bases its opinion primarily on the language of Rule 1019(a):
“Rule 1019. Contents of Pleadings, General and Specific Averments
“(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form. . .”
The language contained in that particular rule was adopted in 1946 and was in effect under prior Rule 1045(b). The language was never considered to require the mentioning of the defense of contributory negligence, much less a specific statement of the material facts underlying such a defense.
We have found nothing in the histoiy of the adoption of Rule 1030 in 1984 which would indicate an intent to require a party to aver the details of the defenses of contributory negligence and assumption of risk.
Likewise, we feel that the Connor decision cannot be construed to require the result reached by the majority. In that case, the plaintiff had made in its *400 complaint specific allegations of negligence as well as a general allegation of “failure to use due care and caution.” Under the umbrella of that general allegation, the plaintiff was allowed to present at trial a theory of liability which had not been specifically articulated in the complaint. The statute of limitations would have expired as to that theory had the general allegation of negligence not been pleaded. In footnote 3 of the opinion, the court noted that the remedy for the defendant to avoid surprise, and to assure that the statute of limitations was a defense to theories of negligence which appear on the eve of trial, is to preliminarily object to the general allegation and thereby obtain a court order requiring that the general allegation either be stricken or amended to state any other specific assertion of negligence.
Distinct considerations are presented with regard to the allegation of an affirmative defense. There is no statute of limitations rationale which is applicable to an affirmative defense, and therefore the parties do not have to look to the pleadings to toll the running of a period of limitations. It is unwarranted, we believe, to read into that footnote in Connor a requirement that a defendant within 20 days of being served with a complaint, must plead the material facts upon which a defense of contributory negligence is based. The rules of discovery are available to provide plaintiff with such details.
To the extent that plaintiff in this case is arguing for the result reached by the majority on the basis that “what is sauce for the goose is sauce for the gander,” we can only respond that we are not dealing with goose and gander but rather with two distinct animals.
In order to analyze the effect on judicial efficiency of the two alternatives available to this court in *401 ruling on the issue before us, it is helpful to view the scenario which I would ordinarily be presented by each alternative.
Under the majority’s approach, the defendant will ordinarily continue the pleading practice which has always existed under the civil rules in this state; i.e., under new matter in the answer, the defendant will include general language to the effect that the plaintiff was contributorily negligent. (The new matter may well contain a specific averment or two of contributory negligence, but it will certainly continue to contain a general allegation as well.) The majority seems to recognize this fact. The general allegation will be necessary because the defendant has only had a few days in which to fashion the answer and often will have had little time to investigate the complaint and to commit itself to a theory of defense. Potential specific defenses in the nature of contributory negligence will simply not be known to the defendant. After the new matter containing this general allegation of contributory negligence is filed, the plaintiff will, in knee-jerk fashion, file a preliminary objection seeking to have that allegation stricken. This objection will be listed for briefing and argument and the entire case will grind to a halt until the busy court system can find the time to address the issue. The majority proposes to resolve the preliminary objection by allowing an extension of time in which the defendant can file supplemental pleadings adding to any specific allegations of contributory negligence which had theretofore been pleaded. Presumably the court would oversee, through motion court, the compliance of the defendant with that requirement. It is our view that in a significant percentage of cases in which contributory negligence is a defense, this scenario will be followed.
*402 Under the alternative which would allow a simple general allegation of contributory negligence or assumption of risk, the plaintiff would have no reason to file a preliminary objection to such an allegation. Accordingly, the expense and delay involved in consideration of such preliminary objections would be avoided. The plaintiff would avail itself of the discovery rules in due time in order to learn the specifics of the allegation of contributory negligence (unless the theory was so obvious that discovery would be unnecessary). In the overwhelming percentage of cases, the rules of discovery are self-executing, i.e., involve no intervention by the court. The concern expressed by the majority that motions filed by the plaintiff to compel discovery would merely be substituted for the preliminary objections of a plaintiff, is not realistic. The existence of sanctions which are available to the court in discovery proceedings reduces the amount of court involvement in those proceedings compared to the court energy and time which is expended when pleading motions are presented.
For the above reasons, we would reach a result contrary to the majority.