## Babcock v. Bedwell

*Joseph E. Altomare,* for plaintiffs.
*John M. Quinn Jr.,* for defendant Meadville Medical Center.

THOMAS, *S.J.*, August 27, 1991—This matter comes before the court on the preliminary objections of the defendant Meadville Medical Center to the plaintiff's complaint wherein the defendant demurs as to Count II for "Battery—Informed Consent" and makes motion for more specific pleading as to paragraphs 20(c)(ii) and (iii) of Count I.

## FACTS

On April 11, 1990, Franklin Babcock, plaintiff's decedent, checked into the emergency room of the Meadville Medical Center complaining of a 3-week period of abdominal discomfort, nausea and chills. After performing some tests, it was determined that the decedent had a dilated bile duct and that he suffered from gall stones; whereupon defendant Dr. Bedwell performed a cholecystectomy (gall stone removal) and bile duct exploration.

Decedent continued thereafter to have bile duct obstruction, and on June 1, 1990, the decedent was readmitted to the hospital whereupon hospital staff recommended that he undergo additional surgery.

Prior to surgery on June 4, 1990, a central venous catheter running from decedent's jugular vein to his vena cava was implanted prior to abdominal surgery known as a "whipple procedure."

On June 13, 1990, at approximately 9:50 a.m. Dr. Bedwell disconnected the catheter, and shortly thereafter while decedent was sitting upright in a chair, the decedent went into cardiac arrest. Cardiopulmonary resuscitation proved unsuccessful. The decedent was pronounced dead at 10:23 a.m.

Plaintiff filed the present action against both Doctor Bedwell and Meadville Medical Center alleging three separate causes of action, which are:

Count I: Survival Action—Malpractice

Count II: Survival Action—Battery, "Informed Consent"

Count III: Wrongful Death

Defendant Meadville Medical Center filed preliminary objections motion to strike or make more specific as to paragraphs 20(c)(ii) and 20(c)(iii) of the complaint and it demurs to the entire Count II of the complaint.

## DISCUSSION

### 1. Motion to Strike or Make More Specific

Plaintiff avers in paragraph 20(c)(ii) that the hospital was negligent in failing to establish a protocol for the withdrawal of a central venous catheter from a patient that would assure the procedure was done in a properly equipped room or location.

The defendant Meadville Medical Center objects to said subparagraph, averring that the plaintiff has failed to plead what equipment was necessary for safe performance of the procedure and what equipment was missing from the room when the procedure was performed upon the decedent.

Plaintiff also avers in paragraph 20(c)(iii) that the defendant Meadville Medical Center failed to devise protocol and procedure for the proper *positioning* of a patient for the removal of the catheter. Defendant objects to said sub-paragraph averring that the plaintiff must plead why the seated position was dangerous and what "positions" should have been utilized.

We cannot agree with the defendant Meadville Medical Center that the averments under said sub-paragraphs are general "boilerplate" or "catch-all" provisions, objectionable under *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). Plaintiff is not required to plead evidence,

only facts sufficient for a defendant to know exactly what he is required to defend. *Mills v. Cromwell,* 9 Adams Leg. J. __ (1968). See also, *Klein v. Montefiore Hospital,* 132 Pitts. L.J. 526 (1983), wherein the court held that a plaintiff is given greater latitude in pleading a medical malpractice action due to the complexities and the many legal theories such a case may entail, in which discovery could later narrow the focus of the case. The court believes that the facts, as plead, are sufficient to state a cause of action upon which the defendant Meadville Medical Center may file an adequate responsive pleading. Accordingly, defendant Meadville Medical Center's preliminary objections to Count I are overruled.

### 2. Demurrer to Count II—"Informed Consent"

In Count II, the plaintiff avers that Dr. Bedwell and the hospital failed to obtain the decedent's informed consent prior to the performance of the central venous catherization. Defendant Meadville Medical Center objects arguing that there is no duty upon a hospital to obtain a patient's consent; the duty rests solely with the surgeon and not the hospital.

The defendant is correct, a hospital cannot legally cause a battery to a patient. See *Margotta v. Lancaster General Hospital,* 47 D.&C. 3d 300 (1987). "So long as Pennsylvania continues to base informed consent on a theory of battery, and not on a theory of negligence, we do not believe a hospital can be held liable . . . because a hospital cannot physically commit a battery." *Margotta, supra,* at 306.

At argument, plaintiff stated that this theory of liability against Meadville Medical Center for in-

formed consent was not direct breach of duty owed by the hospital to the decedent, rather it was based upon a theory of respondent superior in which the hospital is vicariously liable for the negligence of its doctors. However, a hospital may not be held *vicariously* liable to an action for informed consent, see *George v. Ayoub,* 50 D.&C. 322, 325 (1988). The courts have held that the duty to give an informed consent to surgical procedures rests solely with the treating physician.

We note that the Pennsylvania Supreme Court, in *Thompson v. Nason Hospital,* ___ Pa. ___, 591 A.2d 703 (1991), has established a new theory of "corporate liability" regarding hospitals in which a hospital may be held *directly* liable for its failure to exercise four particular duties relating to oversight of its physicians and its facilities.*

None of the four alters the previous law relating to informed consent and the decision has implicitly abolished "respondent superior" principles to the physician-hospital relationship as to third persons, because a hospital may only be *directly* liable in its oversight of physicians, but limited to only those four general areas.

Accordingly, for the reasons above stated, we sustain defendant's demurrer as to Count II and dismiss the same from this case.

---

\* These four duties are:

(1) A duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

(2) A duty to select and retain only competent physicians;

(3) A duty to oversee all persons who practice medicine within its walls as to patient care;

(4) A duty to formulate, adopt and enforce rules and policies to ensure quality care for the patients. *Thompson v. Nason Hospital, supra,* at 707.