## Rogers v. Soldiers & Sailors Memorial Hospital

*Clifford A. Rieders,* for plaintiff Daniel E. Rogers.

*Raymond E. Ginn Jr.,* for defendants Soldiers & Sailors Memorial Hospital and L.E. Dale, M.D..

*Joseph P. Mellody Jr.* and *Mark T. Perry,* for defendants Wilson, Kelly, Rouse, Vogler, Coolidge, Badman, Weaver, Luft and Family Health Center.

*Joseph Rydzewski,* for defendants Guthrie Clinic Ltd. and Robert Packer Hospital.

KEMP, *P.J.,* December 10, 1991—

## PRELIMINARY OBJECTIONS

Plaintiff filed a complaint on June 28, 1991, against 15 physicians and other health care entities. Plaintiff's complaint alleges that all of the 15 defendants committed acts or omissions of medical negligence. The essence of plaintiff's voluminous complaint seems to be that defendants failed to adequately diagnose and/or treat the decedent's cancer.

Count I of plaintiff's complaint is addressed to defendant Soldiers & Sailors Memorial Hospital and alleges liability based upon negligence.

Paragraph 54 of plaintiff's complaint alleges negligence as follows:

"(54.1) Violating its duty to provide adequate patient care, including but not limited to diagnosis, evaluation, testing and treatment of decedent when she delivered her child and when she was interpreted with respect to an ultrasound as aforementioned.

"(54.2) Failing to give the decedent sufficient information so that she could act on her symptomatology and establish an earlier diagnosis.

"(54.3) Failing to give decedent sufficient information so that she could become aware of symptomatology in the future, thereby establishing an early diagnosis."

Defendants SSMH and Dr. L.E. Dale have filed preliminary objections in the nature of a motion to strike/motion for more specific pleading to Count I of plaintiff's complaint. The defendants contend that paragraph 54

of plaintiff's complaint fails to set forth any fact in support of the allegations of negligence. Specifically, defendants state the following:

"(a) [Paragraph] 54.1 does not factually allege the manner defendant failed to diagnose or evaluate decedent's condition; and does not allege the specific testing and treatment defendant failed to provide to her."

We agree that the complaint fails to allege in what manner the hospital was negligent. Pennsylvania Rule of Civil Procedure 1019(a) provides: The material facts on which a cause of action or defense is based shall be stated in a concise and summary form. The courts have interpreted this to mean that the complaint must apprise the defendant of the nature and extent of the plaintiff's complaint so that the defendant has notice of what the plaintiff intends to prove at trial and may prepare to meet such proof with his own evidence. *Weiss v. Equibank,* 313 Pa. Super. 446, 460 A.2d 271 (1983).

In addition, it appears that the plaintiff is seeking to hold the hospital negligent by and through either vicarious liability or corporate liability. This allegation is contained in other counts in the complaint. We therefore strike Count I as not only being improperly pled, but also by reason of redundancy.

The second preliminary objection is to Count II. The complaint alleges corporate and vicarious liability. It is clear that corporate and vicarious liability are separate and distinct causes of action.

Vicarious liability arises by reason of the negligence of an agent and/or employee. Corporate liability arises by reason of the corporation's failure to uphold the proper

standard of care owed the patient, which is to ensure the patient's safety and well-being while at the hospital. *Thompson v. Nason Hospital,* 527 Pa. 330, 591 A.2d 703 (1991).

The *Thompson* case, cited above, created the cause of action of corporate liability with respect to hospitals. In *Thompson, supra,* the Supreme Court held that a hospital's duties have been classified into four general areas:

"(1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

"(2) a duty to select and retain only competent physicians;

"(3) a duty to oversee all persons who practice medicine within its walls as to patient care; and

"(4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients."

The court went on to state the following:

"Today, we take a step beyond the hospital's duty of care delineated in *Riddle* in full recognition of the corporate hospital's role in the total health care of its patients. In so doing, we adopt as a theory of hospital liability the doctrine of corporate negligence or corporate liability under which the hospital is liable if it fails to uphold the proper standard of care owed its patient. In addition, we fully embrace the aforementioned four categories of the hospital's duties. *It is important to note that for a hospital to be charged with negligence, it is necessary to show that the hospital had actual or constructive*

*knowledge of the defect or procedures which created the harm. Furthermore, the hospital's negligence must have been a substantial factor in bringing about the harm to the injured party."*

According to the precedent set forth in *Thompson*, we find that paragraph 59 contained in Count II of plaintiff's complaint, sets forth a confused statement of the law. Paragraph 60 is purely a conclusory statement setting forth no factual basis.

We hold that paragraphs 59 and 60 are stricken as to liability of the hospital since no factual basis for the allegations have been brought.

Defendant L.E. Dale, M.D., has also filed a demurrer/motion to strike/motion for more specific pleading to Count III of plaintiff's complaint which alleges negligence against the physician, a radiologist practicing at SSMH.

Count III of plaintiff's complaint alleges that Dale was negligent in the following respects:

"(64.1) Failure to properly diagnose the carcinoma of decedent or, in the alternative, the extent thereof; the length of time it was present within decedent; its growth rate; its type, quality or kind; or its likely progression.

"(64.2) Failing to make sure that decedent would have reasonable follow-up care to determine the exact diagnosis and proper treatment of her illness."

Although we recognize that plaintiff's allegations against Dr. Dale are not very specific, we feel that they are sufficient to allege negligence. However, it appears that plaintiff seeks to hold Dr. Dale to an extraordinarily

high standard of care. At this stage of the case we are unsure as to what standard of care a radiologist such as Dr. Dale should be required to uphold. Because of that uncertainty we shall deny Dr. Dale's motions at this time.

The plaintiff argues that the defendants are asking that evidence be pled. We believe all persons engaged in malpractice and/or tort cases are cognizant of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). It is clear from a reading of Pa.R.C.P. 1032, *Connor* and related cases that a party's failure to object may be treated as a waiver of any issue subject to waiver.

We suggest that rather than attorneys complaining about being required to file a complaint before discovery is complete, that the remedy would be to ask the court to adopt a rule allowing courts to grant plaintiffs a period of time for discovery prior to the filing of a complaint. Judge Klein in the *Pennsylvania Law Journal* dated Monday, October 21, 1991, Vol. XIV, No. 39, p. 4, indicated that the remedy to "boilerplate" language is for the court in its discretion to grant additional time to file a complaint.

An appropriate order follows in accordance with the foregoing opinion.

ORDER

And now, December 10, 1991, it is hereby ordered, adjudged and decreed that Counts I and II of plaintiff's complaint are stricken and further, the motions/demurrer filed on behalf of defendant L.E. Dale, M.D., is hereby denied.