## Johnson v. Patel

*Ira W. Bushman,* for plaintiff.

*Shawn P. Phillips,* for defendants Ramesh C. Patel, M.D. and Carl J. Milks, M.D.

*John Q. Durkin,* for defendants P.K. Prahalad, M.D. and St. Joseph's Hospital.

COTTONE, *J.,* March 31, 1993—Presently before the court for disposition are preliminary objections filed by the defendants, Ramesh C. Patel, M.D. and Carl J. Milks, M.D.

On November 25, 1992, the plaintiffs filed the instant medical malpractice action against the above-captioned defendants. The allegations of medical malpractice stem from the events surrounding the delivery and treatment of the minor-plaintiff, Curtis Johnson, who sus-

tained injuries as a result of the alleged negligence. On December 16, 1992, Dr. Patel and Dr. Milks filed the instant preliminary objections in the nature of motions to strike or, in the alternative, motions for a more specific pleading. The defendants also demur to Count VI of the complaint.

First, the defendants object to paragraphs 7, 13, 50, 51, 61(a), 61(b), and 65(a) of the plaintiffs' complaint, contending that these paragraphs contain general allegations of negligence and vague conclusions of law. Specifically, the defendants object to the following: (1) The last sentence in paragraph 7 that "[a]ll defendants herein are responsible for and are bound by the acts and omissions of each defendant-physician and other health care providers who were or may have been acting under their control, duty to control or right of control;" (2) The phrase "inter alia" in paragraph 50; (3) The phrase "agents, servants or employees" contained in paragraphs 13, 50, 51, 61 and 65; and, (4) The general averments of negligence and lack of care contained in paragraphs 61(a), 61(b) and 65(a).

The defendants claim that all of these allegations can be read to encompass every recognized theory of negligence against a defendant-physician. The defendants further contend that these allegations do not contain material facts, as required by Pa.R.C.P. 1019(a), which would enable the defendants to answer them with specificity. As such, the defendants request that these paragraphs should be stricken or should be pleaded with more specificity. On the contrary, the plaintiffs argue that the allegations in these paragraphs are proper when read in conjunction with the entire complaint. The plaintiffs also maintain that the means of obtaining greater detail from the plaintiff is not by requesting a more specific pleading, but rather it is to engage

in the process of discovery, which would provide the parties with comprehensive information about their respective positions. We agree.

In support of their position, the defendants rely upon the oft cited case of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983), where the court held that a complaint containing a boiler-plate allegation of negligence could be amended to add a specific factual allegation of negligence, even after the statute of limitations had run. In *Connor,* the complaint initially pointed toward the physician's negligence in performing a barium enema. The amendment sought to add a specific allegation that the physician was negligent in the follow-up procedure. *Id.* at 309, 461 A.2d at 602. In permitting the plaintiff to amend the complaint, the court opined that the language that the defendant was negligent "in otherwise failing to use due care and caution under the circumstances" was sufficient to justify allowance of the amendment since it merely amplified the general allegation. *Id.* at 310, 461 A.2d at 602.

Notedly, the court in *Connor* commented, in a footnote, that since the defendant did not raise any preliminary objections to the open-ended allegation of negligence, this constituted a waiver, thereby providing justification for allowing the proposed amendment. *Id.* at 311, n.3, 461 A.2d at 602, n.3. As a result, defense attorneys have become fearful of being trapped by broad and highly pliable averments in complaints, and they have deluged the trial courts with preliminary objections in the nature of motions to strike or motions for more specific pleadings. *Zaborowski v. Esper,* 72 Erie L.J. 194 (1989). While this response is understandable, we must also weigh the practical considerations involved with medical malpractice actions.

Indeed, as soundly stated by the court in *Solvibile v. Medical College of Pa.,* 23 Phila. 124 (1991).

"At the time the suit is filed, the defendants are in far more control of the information than the plaintiff. It is the hospital that controls all the records, and the physicians and hospital staff are far less likely to volunteer information to the plaintiff absent formal depositions.... Therefore, it may be appropriate to allow the plaintiff more time to present detailed reasons once the defendant is put on notice that there was an injury and they are being held responsible. Once they are sued, their 'repose' is already upset. These defendants should have no objection if it takes more time for the plaintiff to investigate and discover exactly what the defendants did improperly. Once charged with negligence the doctors ... generally have a much easier time of investigating their own actions than do the plaintiffs." *Id.* at 126.

Moreover, in considering whether an averment is pleaded with sufficient specificity, the court in *Zaborowski* recognized the following:

"In a medical malpractice case, a defendant not only has at least equal awareness of the facts but is likely to have superior knowledge and understanding of the significance of what actually transpired. Physicians are ostensibly experts in their field and competent professionals with particular knowledge of the procedures involved and what constitutes appropriate treatment. The exact facts pertaining to the propriety of care of the plaintiff are within the physicians' records or recall. Indeed, it is reasonable to conclude that physicians who are exercising their expertise in diagnosis and treatment know more than the patient as to the particulars of the care provided or required." *Zaborowski,* 72 Erie L.J. at 199.

Applying these considerations here, we find that the disputed paragraphs are sufficiently pleaded to allow the defendants to respond and to formulate a defense, particularly since further elucidation may be obtained through the process of discovery. Furthermore, the defendants certainly must be aware of which of their "agents, servants or employees," if any, assisted in the treatment of the plaintiffs. Moreover, the physicians' records or recall would also contain the precise facts pertaining to the propriety and particulars of the care and treatment provided to the plaintiffs. Thus, we conclude that it would be appropriate to give the plaintiffs a reasonable period of time to conduct discovery. The plaintiffs may then amend their complaint accordingly with reference to paragraphs 7, 13, 50, 51, 61(a), 61(b) and 65(a).

Next, the defendants demure to Count VI of the plaintiffs' complaint. In Count VI, the plaintiffs allege that the defendants intentionally altered the medical records in an effort to conceal from the plaintiffs the true facts concerning the delivery. The plaintiffs claim that this count sets forth a valid cause of action for fraud. In contrast, the defendants contend that the plaintiffs have alleged a cause of action for spoliation or a cause of action for fraud based upon spoliation. The defendants maintain that our Commonwealth does not recognize either of these as a viable civil cause of action. Consequently, the defendants argue that the plaintiffs have failed to state a claim upon which relief can be granted. We agree.

In ruling upon a demurrer we must accept as true all of the well-pleaded material facts contained in the complaint, as well as all of the reasonable inferences deductible therefrom. *Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985); *Firing v. Kephart,* 466 Pa. 560,

353 A.2d 833 (1976). In determining whether a cause of action exists for spoliation, i.e., the destruction, mutilation or alteration of evidence, we are persuaded by the well-reasoned opinion of *Lichty v. Kucharczuk*, 5 D.&C.4th 120 (1989). In *Lichty*, the court held that no cause of action for spoliation exists where the alleged spoliation is known prior to the trial of the principal case and the alleged spoliator is a party to that case. *Id.* at 122.

The factual situation in *Lichty* is quite similar to the instant case. In *Lichty*, the plaintiff brought a medical malpractice suit against the defendants alleging negligence in the delivery of the minor-plaintiff. The plaintiff also included a count for fraud and intentional spoliation, claiming that, after the birth of the plaintiff, the defendants created certain documents with the intent of falsifying the medical record. *Id.* at 121. In holding that such a claim does not exist, the court reasoned that, since Pennsylvania does not recognize a civil cause of action for perjury, or false oral evidence, then it follows that a cause of action for false physical evidence should not be recognized. *Id.* at 123. The court further reasoned that a party who knows of the spoliation can effectively impeach the spoliator at trial by undermining his credibility. *Id.*

Based upon the foregoing reasoning, we find that the plaintiffs cannot maintain a separate cause of action for spoliation or fraud based upon spoliation. As such, we must sustain the defendants' preliminary objections in the nature of a demurrer to Count VI of the complaint, including the claim for punitive damages.

An appropriate order follows.

## ORDER

Now, March 31, 1993, it is hereby ordered that the preliminary objections filed by the defendants, Ramesh C. Patel, M.D. and Carl J. Milks, M.D., as to paragraphs 7, 13, 50, 51, 61(a), 61(b), and 65(a) of the plaintiffs' complaint, are granted subject to the following conditions:

(1) Plaintiffs shall have 120 days from the date of this order in which to complete discovery.

(2) Plaintiffs shall then have 60 days to amend paragraphs 7, 13, 50, 51, 61(a), 61(b) and 65(a) of the complaint.

(3) Upon failure to so amend the complaint, these paragraphs and all incorporated references thereto shall be deemed stricken.

It is further ordered that the defendants' demurrer to Count VI of the complaint is hereby sustained. Count VI of the complaint is, therefore, dismissed. The defendants are allowed 20 days from the date of this order in which to answer the balance of the plaintiffs' complaint as it is presently filed.