# Howick v. Chiappazzi

C.P. of Crawford County, no. A.D. 2009-1765.

*Alan L. Pepicelli,* for plaintiffs.
*Mark E. Mioduszewski,* for defendant.

SPATARO, *J.,* January 12, 2010—Before the court are the defendant's motion to strike the plaintiffs' objections to defendant's notice of intent to serve subpoenas pursuant to Pa.R.C.P. 4009.21 and the defendant's preliminary objections to the plaintiffs' amended complaint. We will first address the defendant's motion to strike plaintiffs' objections to subpoenas.

This case arises out of a motor vehicle accident, which occurred on November 8, 2007, on Park Avenue in Meadville, Pennsylvania. Plaintiffs, Albert and Sandra Howick, allege that the defendant, Eugene Chiappazzi, drove his motor vehicle into the rear of a motor vehicle operated by the plaintiff, Albert Howick. Plaintiffs allege that Mr. Howick suffered a large number of serious and severe injuries including injuries to his back, neck, spine, shoulders, ribs, torso, and brain. Plaintiffs also allege that Mr. Howick suffered impairment of earnings and has incurred, and will continue to incur, medical and hospital expenses.

Before plaintiffs filed suit, defendant received approximately 80 pages of medical records from his liability insurance carrier. Plaintiffs filed a praecipe for issu-

ance of writ of summons on September 22, 2009. On October 13, 2009, the defendant served plaintiffs with interrogatories and requests for production of documents identifying all health care providers involved in Mr. Howick's care, both before and after the accident, and requested authorizations from plaintiffs for such information. Defendant alleges that the plaintiffs did not respond to this discovery request, so defendant identified several health care providers from the 80 pages of medical records they received. Plaintiffs filed a complaint in civil action against defendant on October 22, 2009. Defendant reviewed the medical records and concluded that the injuries alleged by plaintiffs were not in conformity with the injuries as stated in the medical records he possessed at that time.

Defendant then filed a notice of intent to serve subpoenas pursuant to Pa.R.C.P. 4009.21 in order to obtain medical records from those providers that were indicated to have rendered medical care to Mr. Howick. Plaintiffs filed objections to the notice and the subpoenas, claiming that the subpoenas are irrelevant, immaterial, overly broad, and unduly burdensome. Plaintiffs point to this court's opinion, *Slayton v. Biebel,* 37 D.&C.4th 140 (Crawford Cty. 1998), as the basis for finding that the defendant's notice and subpoenas were out of compliance with the law. Plaintiffs believe that the subpoenas as prepared request records that relate to medical treatment of any and every kind or nature, without any bounds and without regard to any specified time period.

Defendant responds by stating that he was not seeking to proceed in contravention of the decision made by the Honorable Anthony J. Vardaro in *Slayton,* but in fact

seeks to follow the exact protocol laid out by Judge Vardaro in *Slayton*. *Slayton* arose out of a motor vehicle accident, and similar to the matter before this court, the defendant served the plaintiff with a notice of intent to serve subpoenas on the plaintiff's health care providers. 37 D.&C.4th at 140. The plaintiff in *Slayton* argued that the subpoenas might allow the defendant to obtain medical records that were not relevant to the injuries or conditions that were the basis for plaintiff's suit. *Id.* at 144. The defendant was concerned that it was not possible to know whether records that were fully discoverable may end up being kept from the defendant because the plaintiff would be deciding what records were relevant. Judge Vardaro crafted an order in *Slayton* that sought to appease the concerns of both parties, which reads in pertinent part:

"[defendant] may serve each subpoena he wishes to serve upon medical providers so long as the records requested by each such subpoena are required to be forwarded directly to counsel for the plaintiff.

"Counsel for the plaintiff shall promptly review all such subpoenaed records and documents and forward to counsel for defendant Biebel all records which plaintiff's counsel deems to be those relevant to this proceeding, along with a brief description of the records not provided and an explanation as to why those records were not provided.

"Furthermore, plaintiff's counsel shall forward to counsel for Biebel an affidavit providing that the records produced and those expressly withheld compromised the whole of the subpoenaed records and documents.

"Thereafter, if there are any unresolved disputes regarding the discovery of the subpoenaed records and documents, counsel for defendant Biebel may file an appropriate motion with the court asking that there be an in camera inspection regarding any records that may be in dispute so that the court may determine if there is anything that is further discoverable." *Id.* at 147-48.

Defendant asks this court to enter an order striking the objections of the plaintiffs to the defendant's notice of intent to serve subpoenas and craft an order allowing the parties to proceed in conformity with Judge Vardaro's protocol delineated in *Slayton.*

Plaintiffs, despite the conciliatory stance taken by defendant, argue that the notice and subpoenas prepared by the defendant do not seek documents that relate to the care provided to Mr. Howick in relation to the accident. Plaintiffs contend that the defendant's subpoenas improperly request records that relate to all of Mr. Howick's medical care, regardless of any association to the accident with regard to both content and time period. Plaintiffs contend that Mr. Howick has not claimed a universality of injuries, but has in fact claimed specific injuries as stated in paragraph 10 of the amended complaint. Plaintiffs argue that the defendant's subpoenas do not comport with the law in *Slayton* and maintain their objections to the defendant's notice of intent and the subpoenas.

The protocol stated by Judge Vardaro in *Slayton v. Beibel* is the proper approach that will address the concerns of both parties; therefore, we will strike the plaintiffs' objections and enter an order directing the parties to proceed in conformity with Judge Vardaro's decision in *Slayton.*

Next we will address the defendant's preliminary objections to the plaintiffs' amended complaint. Defendant filed a preliminary objection to the amended complaint seeking to strike the phrase "some or all of" which appears twice in the prefatory clause of paragraph 10 of the plaintiffs' amended complaint. Defendant previously requested plaintiffs to remove the language "including without limitation" from an alternate paragraph in the original complaint, in addition to their current request, and the plaintiffs complied in their amended complaint; however, plaintiffs refuse to remove the phrase "some or all of" from the amended complaint.

Defendant states that the prefatory clause of paragraph 10 in the amended complaint is the type of allegation commonly referred to as a "catch all" or "shotgun" allegation, and sets forth their objection in the form of a *Connor* objection seeking to prevent plaintiffs from expanding or amplifying their claims with regard to Mr. Howick's injuries. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 311, 461 A.2d 600, 603 (1983). The clause at issue reads:

"As a direct and proximate result of the aforesaid matters, the plaintiff, Albert E. Howick, Jr., sustained *some or all of* the following serious and severe injuries, *some or all of* which may be permanent in nature: . . . ." (Plaintiffs' amended complaint, ¶10.) (emphasis added)

Defendant contends that there is no way for them to know with any degree of reliability what injuries were actually sustained by Mr. Howick, which impairs his ability to properly prepare a defense. Defendant states that this lack of specificity in the amended complaint is

complicated further by the plaintiffs' failure to respond to discovery requests, and the plaintiffs' attempts to block his subpoenas for medical records. Defendant argues that he has been blocked from all avenues in attempting to determine what injuries Mr. Howick did in fact sustain, injuries that could be unfairly expanded upon because of the ambiguous nature of the amended complaint. Defendant asks this court to strike "some or all of" from the prefatory clause of paragraph 10 in the plaintiffs' amended complaint.

Plaintiffs respond by arguing that they have not vaguely alleged any injuries, but have in fact alleged specifically that Mr. Howick suffered injuries to his neck, middle and lower back, shoulders, ribs, a concussion, and any consequent injuries as a result of the aforementioned. Plaintiffs state that the defendant's reliance upon *Connor* is misplaced because the paragraph at issue is in relation to damages and injuries, as opposed to allegations of negligence. Plaintiffs state further that the prefatory paragraph at issue must be reviewed in the context of the subparagraphs following, wherein the outside parameters of Mr. Howick's injuries are specifically defined. Plaintiffs ask this court to overrule defendant's preliminary objections because striking the language from the prefatory paragraph would only cause confusion about the extent of Mr. Howick's injuries.

Although plaintiffs correctly point out that *Connor* deals with catch-all phrases involving claims of negligence that are at risk of being amplified or expanded upon in a manner that may be prejudicial to a defendant, the defendant is still entitled to bring preliminary objections asserting lack of specificity and the failure to con-

form to Pa.R.C.P. 1019(a). Rule 1019(a) states that the material facts upon which a cause of action is based must be stated in a concise and summary form, and this would include averments regarding damages and injuries in a tort action as is presently before the court. Pa.R.C.P. 1019(a). The prefatory clause as it currently reads allows for the possibility that the injuries listed in the subparagraphs may not have actually been incurred by Mr. Howick. The defendant would be placed in a position where he would have to prepare a defense for all of the injuries listed; only to later learn that Mr. Howick only suffered from some of the injuries listed, while the others were only superfluously listed. Plaintiffs are in the best position to know what injuries Mr. Howick suffered; therefore, there is no practical reason for using such ambiguous language in the prefatory clause. Plaintiffs have averred that they have specifically listed each injury suffered by Mr. Howick in the amended complaint, so the allegations should reflect that Mr. Howick suffered all of those injuries as opposed to only some of them.

Finally, we do agree with plaintiffs that the phrase "some or all of which may be permanent in nature," located in the next clause of the prefatory paragraph, is a legitimate description of the nature of Mr. Howick's injuries. Although the plaintiffs are expected to know what injuries Mr. Howick suffered, there is a reasonable basis for finding that the plaintiffs cannot be expected to know exactly which injuries that Mr. Howick suffered are permanent in nature. The plaintiffs are not required to diagnosis or provide a prognosis about the permanency of Mr. Howick's injuries in their complaint.

Accordingly, we enter the following order:

## ORDER

And now, January 12, 2010, this court dismisses the plaintiffs' objections to defendant's notice of intent to serve subpoenas and orders that counsel for the defendant, Eugene A. Chiappazzi, may serve each subpoena he wishes to serve upon medical providers so long as the records requested by each such subpoena are required to be forwarded directly to counsel for the plaintiffs, Albert E. Howick Jr. and Sandra L. Howick, his wife.

Counsel for the plaintiffs shall promptly review all such subpoenaed records and documents and forward to counsel for the defendant all records which plaintiffs' counsel deems to be those relevant to this proceeding, along with a brief description of the records not provided and an explanation as to why those records were not provided.

Furthermore, plaintiffs' counsel shall forward to counsel of the defendant an affidavit providing that the records produced and those expressly withheld compromised the whole of the subpoenaed records and documents.

Thereafter, if there are any unresolved disputes regarding the discovery of the subpoenaed records and documents, counsel for the defendant may file an appropriate motion with the court asking that there be an in camera inspection regarding any records that may be in dispute so that the court may determine if there is anything that is further discoverable.

Additionally, this court sustains in part, and overrules in part, the preliminary objections of the defendant. The first appearance of "some or all of" will be stricken from the prefatory paragraph at paragraph 10 of the plaintiffs'

amended complaint. The second appearance of "some or all of" will not be stricken and the paragraph in question should read as follows:

"(10) As a direct and proximate result of the aforesaid matters, the plaintiff, Albert E. Howick Jr., sustained the following serious and severe injuries, some or all of which may be permanent in nature: . . . ."

The plaintiffs are afforded 20 days from this date to amend paragraph no. 10 in conformity with this order, by removing or adding to the list of injuries. Defendant shall file a responsive pleading within 20 days of the date of the amendment.