## Lipinsky et vir v. Graham

*Cyril T. Garvey*, for plaintiffs.
*Albert E. Acker*, for defendant.

RODGERS, P. J., February 2, 1954. — This matter comes before the court on preliminary objections by defendant to the complaint in the form of a motion

for a more specific pleading. The matter was argued before the court on January 18, 1954. The action concerns an automobile accident involving cars operated by defendant and one Peter Butkiewicz, resulting in injuries to Wanda R. Lipinski and damages to Wanda R. Lipinski and Joseph P. Lipinski, her husband.

The motion first complains of paragraph 5 of plaintiff's complaint, which avers that defendant was operating his motor vehicle "at an excessive rate of speed under the circumstances", alleging that the averment is so vague and indefinite that plaintiff should be required to file a more specific pleading.

Such an allegation standing alone would not be suf-. ficient to support a complaint in the face of a motion for a more specific pleading. While we find no appellate court decision in this jurisdiction on the point and while we do find some division of authority among the lower courts, we believe that on the facts of this case, the general opinion of the courts has been that the complaint is sufficient if the whole complaint contains material facts which make out a cause of action. In Kahler, Admr., v. Landis et al., 50 Lanc. 90, the court said:

"The whole statement should be read together, and if it contains such material facts as to make out a good cause of action, it is sufficient."

The court then said that an omnibus declaration of defendant's negligence is not fatal in itself if this general pleading is accompanied by a concise statement of liability-producing facts. To the same effect see: Lax v. Faust, 68 D. & C. 497, 499, and Wayne v. Davis, 60 York 23 (1946).

The better rule seems to simply enforce the ancient requirements that defendant be informed of the problems which he is to face at the trial. The complaint in this case, it seems to this court, clearly points to the fact that defendant will be required to explain why he

approached an intersection of highway Route 78 where the line of traffic was stopped waiting to make a turn at such a speed that his automobile left the highway on its own right and ended up striking another automobile in the opposite line of traffic. Whether or not these allegations are correct are matters for the jury. This court believes, however, that the issue is properly presented. Of interest in this matter is the case of Alberts v. Miller, 35 Luz. 268 (1941). In that case the complaint indicated that a child stopped in the street to pick up its book and was struck by defendant's automobile. There was a general allegation of speed which was held to be sufficient because as the court there indicated defendant, because of circumstances, had been put on such notice that any degree of speed might have been negligent.

In the instant case the allegation of the precise facts enumerated in the complaint including the line-up of the cars and the intersection on the through highway may well be found by the jury to have been sufficient to require defendant to reduce his speed to a point which would alleviate the necessity of his leaving the highway, etc. As is stated in Weber v. Wintersteen, 47 Schuyl. 100, 101:

"As every experienced trial lawyer knows, the rate of speed and whether it was excessive under the circumstances are questions of fact for the jury, often decided on the basis of conflicting estimates or opinions of eyewitnesses or inferred from attendant physical conditions. The averment in paragraph 9(a) of this complaint sufficiently informs the defendants that the plaintiff contends that the speed of the car was one of the causative factors in the accident. We cannot see that anything would be gained by requiring the plaintiff to state a definite number of miles per hour".

We, therefore, find the complaint to be sufficient in this regard.

The motion also complains that plaintiff's averments in paragraphs 8 and 9 of their complaint with reference to the medical treatment required by Wanda R. Lipinski and certain damages to her clothing were so indefinite and vague as to require that the matters be set forth in more detail in a more specific pleading. The same complaint is made of paragraph 14 of plaintiff's complaint, which states that "in the care and treatment of the plaintiff, Wanda R. Lipinski, the plaintiff, Joseph P. Lipinski, has incurred considerable expenses for which he seeks recovery".

This general question has been considered in this court by Rowley, P. J., in the matter of Russo v. Strickland, June term, 1950, C. D., no. 87, in the Court of Common Pleas of Mercer County. The court there said:

"In passing upon a rule for a more specific statement, the courts applied substantially the same principles which had determined the right to a bill of particulars. The apparent confusion in the decisions is due to the varying manner in which the questions arose.

"In Leonard v. B. & O. R. R. Co., 259 Pa. 51, it was said,

" 'Where the action is for injuries to the person the jury may consider, without special averment, pain and suffering, expense incurred for medical treatment and loss of time for inability to work at the usual occupation of the injured person, inasmuch as these are the natural and usual results of an injury: Laing v. Calder 8 Pa. 479; P. & O. Canal Co. v. Graham 63 Pa. 290.'

"We think this means that defendant may not object to the testimony to support such claims for lack of averment. It does not signify that defendant may not obtain specific information with respect thereto, if he moves in time."

We concur in this opinion, rather than that expressed in Delligatti et al. v. Mt. Pleasant Borough, 76 D. & C. 200, as apparently did the court in Hinkel v. Beiting, 69 D. & C. 129, 135, wherein it is stated as follows:

"Defendant is entitled to know these facts so that he may be able to answer intelligently and to determine what items he can admit and what he will contest: See 3 Standard Pa. Practice 465, and cases there cited. Plaintiff relies upon Leonard v. B. & O. Railroad, 259 Pa. 51, 56 (1917), Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468 (1933), and Ackerman v. City of Williamsport, 227 Pa. 591 (1910), all of which hold that damages necessarily following as a natural and probable result of the injuries may be proved without special averments. Those cases do not hold, however, that defendant cannot compel plaintiff to specify his damages. There is a difference between the right of plaintiff to offer proof under a general averment of damages where defendant has not asked for a more specific complaint, and the right of defendant to be advised of the basis of plaintiff's claim."

To the same effect, see Orton et al. v. Jordan, Administratrix, 57 D. & C. 291, 292; Driefer v. Hershey Estates, Inc., 81 D. & C. 302, 305, and Reed et ux. v. City of Scranton, 47 D. & C. 671, 672.

The application of the rule in the cited cases to the matter before the court would in this court's opinion require plaintiff to submit a more specific complaint covering the amount of the damages, the times that the damages were incurred, to whom payments were made, etc., and to omit such details at the risk that he would not be permitted at trial over objection to produce evidence on these matters: Driefer v. Hershey Estates, Inc., 81 D. & C. 302, 305.

Much has been said in the cases concerning general and special damages but the basic question is not one of precise legal definition but rather whether "in the

sound discretion of the court . . . the information sought is reasonably necessary to inform the defendant what he will be required to meet at a trial": Rowley, P. J., the Court of Common Pleas of Mercer County, June term, 1952, C. D., no. 87.

In the instant case we believe that the sound exercise of this discretion requires that plaintiff plead more specifically the damages incurred. Hence this order.

### Order

And now, February 2, 1954, it is hereby ordered, adjudged, and decreed that the motion for more specific pleading is denied with respect to paragraph 1 of the motion and granted with respect to paragraphs 2, 3 and 4 of the motion, and that plaintiffs file a more specific complaint consistent with the foregoing opinion.