**June C. KENNEDY, Appellant**

v.

**BUTLER MEMORIAL HOSPITAL, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 6, 2005.

Filed June 12, 2006.

Michael J. Pawk, Butler, for appellant.

Temleton Smith, Jr., Pittsburgh, for appellee.

BEFORE: KLEIN, PANELLA, and JOHNSON, JJ.

OPINION BY KLEIN, J.:

¶ 1 Plaintiff June C. Kennedy appeals from the order granting defendant Butler Memorial Hospital's preliminary objections and dismissing her complaint for failure to state a *prima facie* claim of corporate negligence against the hospital and failure to obtain the required certificate of merit to support her claim of vicarious liability. We agree with the dismissal of Kennedy's corporate negligence claim and affirm that portion of the order. However, we conclude that Kennedy's certificates of merit as to the hospital are sufficient to sustain her vicarious liability claim arising from the acts of unnamed hospital employees. Accordingly, we reverse that portion of the trial court's order and remand for further proceedings.[1]

---

1. In reviewing an order granting preliminary objections in the nature of a demurrer, we

¶ 2 Kennedy filed this medical malpractice action for injuries she allegedly sustained when, after a fall in her home, she was treated at Butler Memorial Hospital. Kennedy arrived at the hospital on November 26, 2001, and hospital personnel placed a peripheral intravenous catheter in her left arm. Thereafter, the catheter dislodged from her arm on at least two occasions. Two days later, she developed atrial fibrillation, so her physician ordered oral administration of Coumadin and intravenous administration of Cordarone to cardiovert her heart to regular sinus rhythm. Hospital personnel placed another intravenous catheter in Kennedy's left arm. During administration of the Cordarone, the catheter again became dislodged. The drug allegedly infiltrated surrounding tissues, causing Kennedy to develop cellulitis and septic thrombophlebitis, which required emergency surgery.

¶ 3 Kennedy filed this action on November 7, 2003 against the hospital only. In her initial complaint, Kennedy attempted to state causes of action against the hospital for both direct corporate liability and vicarious liability for the negligent acts of its employees. Although Kennedy alleged that the hospital and its employees had failed to perform with the requisite standards of care, she did not allege that hospital supervisory personnel had notice of the conditions upon which her claims were premised. Moreover, she did not file a certificate of merit as required by Pa. R.C.P. 1042.3 until May 6, 2004, when defense counsel reminded her to do so after she had filed a praecipe for entry of default judgment. Kennedy's certificate of merit appeared in the form prescribed by Rule 1042.3(a)(1) for direct liability cases.

¶ 4 The hospital filed preliminary objections, asserting that Kennedy's claims sounded solely in vicarious liability, not corporate liability, and that she failed to present her certificate of merit in the form prescribed by Rule 1042.3(a)(2) for vicarious liability claims.

¶ 5 On June 17, 2004, Kennedy filed an amended complaint, adding that her injuries had been caused by the "direct corporate negligence of Butler Memorial Hospital," but still omitting reference to knowledge of or notice to supervisory personnel of the hospital. The amended complaint still included the claim for vicarious liability. On October 28, 2004, Kennedy filed a second certificate of merit, again in the form prescribed by Rule 1042.3(a)(1) rather than Rule 1042.3(a)(2).

¶ 6 After Kennedy amended her complaint, the trial court dismissed the hospital's preliminary objections as moot, but granted the hospital an additional 20 days to file preliminary objections to the new complaint. The hospital filed a second set of preliminary objections, seeking dismissal of the vicarious liability claim for failure to provide a proper certificate of merit within 60 days, and asserting that Kennedy's addition of a corporate liability claim was barred by the statute of limitations.

¶ 7 The trial court sustained the preliminary objections. The court concluded that the corporate liability claim was barred by the statute of limitations and that both versions of the complaint failed to state a claim as a matter of law. The court also concluded that the certificates of merit were legally inadequate to allow the vicarious liability claim to proceed. Accordingly, the trial court dismissed Kennedy's amended complaint in its entirety.

must determine whether, accepting all material averments as true, the plaintiff's complaint adequately states a claim for relief under any theory of law. *Homziak v. Gen. Elec.*

*Capital Warranty Corp.*, 839 A.2d 1076, 1079 (Pa.Super.2003), *app. denied*, 580 Pa. 706, 860 A.2d 490 (2004).

¶ 8 On appeal, Kennedy claims that the trial court erred in: (1) dismissing her corporate negligence claim on the basis of the statute of limitations; (2) dismissing her corporate negligence claim on the basis of insufficient allegations; and (3) dismissing her vicarious liability claim based on the inadequacy of her certificates of merit. We address each claim in turn.

**Dismissal of Corporate Negligence Claim**

 ¶ 9 Kennedy argues that the trial court erred in concluding that her corporate liability claim was barred by the statute of limitations. We need not reach this claim or the trial court's rationale for its decision, as other grounds support the trial court's action. *See O'Connor–Kohler v. United Servs. Auto. Ass'n*, 883 A.2d 673, 680 (Pa.Super.2005) (*en banc*). Quite simply, neither of Kennedy's complaints plead a *prima facie* claim of corporate negligence sufficient to withstand a demurrer.[2]

 ¶ 10 To plead corporate negligence against a hospital, the plaintiff's complaint must include allegations that, if accepted as true, would prove that:

1. the hospital deviated from the standard of care;

2. the hospital had actual or constructive notice of the defects or procedures that created the harm; and

3. the hospital's act or omission was a substantial factor in bringing about the harm.

*Whittington v. Episcopal Hosp.*, 768 A.2d 1144, 1149 (Pa.Super.2001); *see Welsh v. Bulger*, 548 Pa. 504, 698 A.2d 581, 585 (1997). The second component of actual or constructive notice is critical, as the corporate negligence doctrine contemplates a "kind of systemic negligence" in the ac-

tions and procedures of the hospital itself rather than in the individual acts of its employees. *Edwards v. Brandywine Hosp.*, 438 Pa.Super. 673, 652 A.2d 1382, 1386 (1985).

¶ 11 Although the *Welsh* Court did not consider the sufficiency of the plaintiff's allegations to withstand demurrer, its examination of the case following summary judgment is pertinent, as it required a determination of whether every act essential to liability was established by the plaintiff's evidence. *See Welsh*, 698 A.2d at 584 ("We granted allocatur to address the issue of what type of evidence is necessary to establish a *prima facie* claim of corporate liability for negligence against a hospital pursuant to our decision in *Thompson v. Nason Hospital*, 527 Pa. 330, 591 A.2d 703 (1991).").

¶ 12 The *Welsh* Court found that the plaintiff had established a *prima facie* case, where the evidence tended to establish that the hospital knew or should have known of the pregnant patient's need for a cesarean section. *See id.* at 586 (relying on statement in expert report that nurses "must have known" that progress of plaintiff's labor was too rapid and that physician failed to direct appropriate intervention). We recognize that the scenario before us is not fully analogous given the absence of an expert report at this stage. Nevertheless, it is clear that the plaintiff is required to plead the hospital's knowledge of the negligent conduct. *See id.* at 585.

¶ 13 Although Kennedy's complaint alleged the "negligence, carelessness and recklessness of agents, servants, and/or employees of Defendant, Butler Memorial Hospital," Amended Complaint, 6/17/04,

---

**2.** Under our system of fact pleading, "the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." *Santiago v. Pa. Nat'l Mut. Cas. Ins. Co.*, 418 Pa.Super. 178, 613 A.2d 1235, 1238 (1992).

¶ 28, it did not allege why the hospital necessarily should have known of the alleged breaches. This point is critical to a corporate negligence claim, as any less rigorous approach would effectively eliminate any distinction at the pleading stage between claims of corporate negligence and vicarious liability.

¶ 14 Because Kennedy's averments appear to meld the two causes of action with no averment pertaining to the hospital's knowledge, we conclude that her amended complaint fails to state a claim of corporate negligence. Therefore, the trial court properly dismissed those counts. *See Homziak, supra.*

### Adequacy of Certificate of Merit

¶ 15 We conclude that Kennedy filed the certificate of merit for the vicarious liability claim under the proper section of Pa.R.C.P. 1042.3 and even if she did not, under *Harris v. Neuburger*, 877 A.2d 1275 (Pa.Super.2005), Kennedy substantially complied with the rule. Therefore, the claim for vicarious liability against the hospital remains and that portion of the trial court's order sustaining the preliminary objections is reversed.

### 1. Technical compliance

■ ¶ 16 Because Kennedy was allowed to file an amended complaint, we must look at the certificate of merit that she timely filed after the amended complaint. At that time, Kennedy had alleged a theory of direct corporate liability. Although preliminary objections were appropriately

sustained as to that count, nonetheless it was part of the complaint.

¶ 17 Therefore, in addition to claims of vicarious liability against "other licensed professionals for whom th[e] defendant is responsible," covered by Rule 1042.3(a)(2), there also was a claim of direct liability against the hospital for its own negligence. Therefore, since Rule 1042.3(a)(2) is to be used only when the defendant has "solely" a vicarious liability claim, we conclude that it was not inappropriate for Kennedy to use the language of Rule 1042.3(a)(1).[3]

### 2. Substantive compliance

■ ¶ 18 As noted above, this case is now controlled by our Court's recent decision in *Harris v. Neuburger*, 877 A.2d 1275 (Pa.Super.2005). In *Harris*, the plaintiff did not file a timely certificate of merit. Rather, the plaintiff supplied an affidavit, expert reports, and the experts' curriculum vitae and incorrectly believed that that was sufficient to comply with the requirements for filing a certificate of merit. The plaintiff argued that by supplying the actual expert reports, he had substantially complied with the rule. *Id.* at 1277–78. The distinguished trial judge, the Honorable Arnold L. New, agreed and granted the petition to open the judgment of *non pros.* Our Court affirmed, stating:

> The lower court's decision is additionally supported by both equitable principles and Pa.R.C.P. 126, which provides that "[the rules of civil procedure] shall be liberally construed to secure the just,

---

**3.** The trial court referred to my opinion in *Olshan v. Tenet Health System City Avenue, LLC,* 849 A.2d 1214 (Pa.Super.), *appeal denied,* 581 Pa. 692, 864 A.2d 530 (2004), where in *dicta* I stated that no certificate of merit was necessary for the hospital in that case. In *Olshan,* the plaintiff's claim against the hospital was for corporate liability. I did not mean to imply that no certificate of merit would be required for actions of a hospital's

agents under a vicarious liability theory. In hindsight, it seems that I well might have been wrong that no certificate of merit is needed to show corporate liability. But since that statement would be *dicta* in this case, I best not go further to say whether a certificate of merit is or is not needed to support an allegation of corporate negligence. I note that this would not be the first time I was wrong, and I am sure it will not be the last.

speedy and inexpensive determination of every action or proceeding to which they are applicable ... the court at every stage of any such proceeding may disregard any error or defect or procedure which does not affect the substantial rights of the parties."

877 A.2d at 1278 (quoting Pa.R.C.P. 126).

¶ 19 Here, considering the detailed nature of Kennedy's amended complaint, even were the wrong subsection listed, a timely certificate of merit was in fact filed, and the hospital certainly would know that the certificate referred to the actions of its employees and would not be prejudiced.[4]

¶ 20 Accordingly, we conclude that Kennedy may proceed against the hospital on a vicarious liability theory.

¶ 21 Order affirmed in part and reversed in part. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 22 JOHNSON, J., files a Concurring and Dissenting Opinion.

CONCURRING AND DISSENTING OPINION BY JOHNSON, J.:

¶ 1 I concur in the Majority's conclusion that the trial court properly dismissed June C. Kennedy's corporate negligence claim. As the Majority notes, Kennedy's amended complaint fails to plead that supervisory personnel at Butler Memorial Hospital had sufficient knowledge of hospital staff's negligent acts to distinguish her claim from one of vicarious liability. Without an averment of the hospital's knowledge, the amended complaint fails to state a claim for corporate negligence. I am compelled to dissent, however, from the Majority's conclusion that Kennedy's Cer-

tificate of Merit provided adequate support for her complaint. to allow her to proceed on her claim of vicarious liability. In my opinion, the certificate is materially deficient and does not offer adequate documentation that her claims are meritorious to allow her action to go forward. Accordingly, I would affirm the trial court's order in its entirety.

¶ 2 In support of her claim of trial court error, Kennedy argues first that the certificates she filed were in the form specified by the Rules of Court, Brief for Appellant at 19, and second, that even if they were not, our recent decision in *Harris v. Neuburger* operates to excuse defects of form when a plaintiff's effort demonstrates substantial compliance with the rationale underpinning the rule, Brief for Appellant at 21–22 (citing 877 A.2d 1275 (Pa.Super.2005)). The Majority agrees, finding both technical and substantial compliance with the Rules of Court. I find neither as the certificate failed to comport with the controlling section of the Rules, and Kennedy's other filings failed to document the merit of her claims.

¶ 3 After filing Kennedy's original Complaint, her counsel filed a certificate of merit that read as follows:

I, [name of counsel], Esquire, certify that an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work, that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

---

4. We note that in her brief, Kennedy claims that a copy of the expert report was sent to the defendant even before she instituted suit by summons. The defendant, in its brief, does not dispute this claim. However, because we cannot locate any evidence to support this claim in the certified record, we will not consider it.

Certificate of Merit as to Butler Memorial Hospital, Reproduced Record (R.R.) at 13a, 56a. In response to the Hospital's preliminary objections, the trial court granted Kennedy express leave to amend her Complaint. Although Kennedy then filed an Amended Complaint, opening an opportunity for the filing of a new certificate of merit, the language of her second certificate remained identical to that of the first. In my opinion, that language does not comply with the applicable section of the Rules of Court. Rule 1042.3 provides as follows:

### Rule 1042.3. Certificate of Merit

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

\* \* \* \* \* \*

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

Note: A certificate of merit, based on the statement of an appropriate licensed professional required by subdivision (a)(1), must be filed as to the other licensed professionals for whom the defendant is responsible. The statement is not required to identify the specific licensed professionals who deviated from an acceptable standard of care.

\* \* \* \* \* \*

(b) (1) A separate certificate of merit shall be filed as to each licensed professional against whom a claim is asserted.

(2) *If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant, the attorney for the plaintiff, or the plaintiff if not represented, shall file*

(i) *a separate certificate of merit as to each claim raised, or*

(ii) *a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).*

Pa.R.C.P. 1042.3(a), (b) (emphasis added). Significantly, Kennedy's certificates of merit both track the language of subsection (a)(1) notwithstanding the clear directives of subsection (a)(2), which contemplates vicarious liability, and subsection (b)(2), which specifies the appropriate content of certificates filed in support of complaints that raise claims under both of section (a)'s subsections.

¶ 4 Kennedy is correct in her assessment that, in other cases, this Court has disregarded flaws in the form of a plaintiff's certificate of merit on the basis of "substantial compliance" with the purpose of Rule 1042.3 "to prevent the filing of baseless medical professional liability claims." *Harris,* 877 A.2d at 1278 ("We agree that since [the plaintiff] has satisfied the purpose of Rule 1042.3, he should not be barred from his day in court because he mistakenly, but reasonably believed he had met his obligation."). The Majority finds

"substantial compliance" based on "the detailed nature of Kennedy's amended complaint, even were the wrong subsection listed, a timely certificate of merit was in fact filed, and the hospital certainly would know that the certificate referred to the actions of its employees and would not be prejudiced." Majority Slip Op. at 8. I disagree with the Majority's analysis, as I believe it misperceives the reason for which certificates of merit are required and thus allows Kennedy to skirt the real purpose of Rule 1042.3.

¶ 5 Unlike a civil complaint, which does, in part, provide notice to the defendant of the substantive claims it must defend, the certificate of merit serves primarily to compel certification in every professional malpractice action that the plaintiff's claims, if accepted as true, possess some reasonable level of merit as to each defendant and have not been filed merely to expand the pool of resources available to satisfy the plaintiff's claim. *See Harris,* 877 A.2d at 1278 ("Clearly the underlying purpose of [Rule 1042.3] is to prevent the filing of baseless medical professional liability claims."). Thus, the rule requires certification of the claims' merit by an appropriate licensed professional. *See* Pa. R.C.P. 1042.3(a). Unlike the requirement of notice which, as the Majority acknowledges, may be enhanced by detailed fact pleading, the merit certification process bears no necessary relationship to the defendant's knowledge of the claim. In point of fact, the reason for the rule is served only if a plaintiff's filings (albeit technically deficient) establish that the plaintiff's claims are sufficiently meritorious in the opinion of an appropriate medical professional to subject the defendant medical professional to litigation on those claims. Neither the complaint itself, no matter how detailed, nor the extent of the defendant's prior knowledge of the allegations can serve this purpose. Any other conclu-

sion, in my opinion, attempts to substitute one requirement for another, in short, to place a square peg into a round hole. The necessary distinction, I believe, is inherent in our decision in *Harris.*

¶ 6 In *Harris,* unlike in this case, the plaintiff filed a certificate beyond the sixty-day window allowed by Rule 1042.3(a) and the trial court entered a judgment of *non pros* pursuant to Rule 1042.6. *See* 877 A.2d at 1278. The form of the certificate was not at issue and appears to have complied with the appropriate subsection of the Rule. The trial court deemed the certificate compliant, first, because the plaintiff filed an immediate motion to open the court's judgment of non-pros and, second, because the plaintiff's accompanying filings demonstrated the substantive merit of the plaintiff's action. *See id.* Significantly, those filings included the written statements of the "appropriate licensed professional[s]" on whom counsel had relied in filing the action, along with their respective *curricula vitae. See id.* Given the established substance of the claims, as documented in those statements, the record bore witness that the purpose underlying the rule, to prevent commencement of frivolous lawsuits, had been met. Accordingly, the trial court, and we, could focus on whether the plaintiff had reasonably explained his lack of compliance with Rule 1042.3.

¶ 7 In this case, by contrast, we have no occasion to consider the reasonableness of the plaintiff's excuse (or lack thereof) because substantial compliance with the appropriate section of the rule, in this case Rule 1042.3(a)(2) and (b), has not been shown. Kennedy's certificate is facially inconsistent with subsection (a)(2), which clearly contemplates vicarious liability claims (*i.e.,* "claim[s] that the defendant deviated from an acceptable professional standard ... based solely on allegations

that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard"), and from subsection (b)(2), which contemplates *multiple claims*. Moreover, it appears to comport with subsection (a)(1), which on its face applies only to claims of direct liability. More importantly, unlike *Harris,* where the statements of the licensed professionals underlying the claims were filed of record along with an untimely certificate, Kennedy filed only a boilerplate certificate signed by plaintiff's counsel and unsubstantiated by expert opinion. Consequently, nothing in the record substantiates that Kennedy's claims are even plausible. Kennedy's effort does not parallel the plaintiff's offering in *Harris* and, accordingly, cannot be deemed in "substantial compliance" with Rule 1042.3. Indeed, it fails entirely to satisfy the reason for the Rule.

¶ 8 Consequently, I can derive no basis upon which to find Kennedy's certificates substantially compliant with the purpose underlying Rule 1042.3. Thus, I cannot conclude that the trial court erred in dismissing Kennedy's vicarious liability claim on the basis of her defective certificate of merit. Because the Majority would reverse the trial court's order on a finding that Kennedy's certificates are both technically and substantially compliant, I respectfully register my dissent.