**Imblum v. Shober**

8

*Richard J. Schubert,* for plaintiff.
*Lynn E. Bell* and *Jason M. Logue,* for defendants.

COX, *J.,* January 19, 2011—Before the court for disposition are the preliminary objections and motion to strike certificate of merit for insufficiency filed on behalf of the defendants Michelle M. Shober, D.O., and Lawrence County Eye Associates, P.C. (hereinafter "Lawrence County Eye Associates"). The preliminary objections raise the following arguments:

I. The plaintiff's complaint is insufficiently specific as it contains the terms "generally," "recklessness" and "negligence" and it lacks specific dates and conduct, which renders the claims susceptible of amplification in violation of the court's ruling in *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983);

II. The plaintiff fails to aver sufficient facts to support the averments in the complaint that the defendants' conduct was reckless;

III. The plaintiff made broad references to agents, servants or employees, but failed to adequately identify the same; and

IV. The plaintiff's complaint is legally insufficient as a

claim for corporate negligence has not been extended to physician practice groups as they are not comprehensive health care providers.

In their motion to strike certificate of merit for insufficiency, the defendants contend that the plaintiff violated Pa.R.C.P. No. 1042.3(b)(1), which requires separate certificates for each licensed professional against whom the claims are asserted, because the plaintiff filed a certificate for Michelle M. Shober, D.O., and a certificate for Michelle M. Shober, D.O., and Lawrence County Eye Associates, but did not file certificates for the unnamed agents, servants or employees referenced in the complaint.

According to the complaint, the plaintiff received medical care from Dr. Shober, an agent or representative of Lawrence County Eye Associates, regarding the plaintiff's deteriorating eyesight. On November 25, 2008, and December 8, 2008, the plaintiff was examined and treated by Dr. Shober for blurred vision in the right eye and for headaches above her right eye. On November 25, 2008, Dr. Shober diagnosed the plaintiff with ischemic optic neuropathy for which she ordered blood tests and steroid therapy. On the same day, Dr. Shober also diagnosed the plaintiff with primary angle closure glaucoma and prescribed glaucoma eye drops. The plaintiff was then examined by Dr. Shober on December 8, 2008, as her condition had declined to include double and blurred vision and worsening eyesight. Dr. Shober continued to treat the plaintiff with steroid therapy and eyedrops. However, the plaintiff's condition did not improve and she now suffers from the following ailments of her right eye: profound loss of eyesight, chronic angular

closure glaucoma, peripheral retinal hemorrhages and constant pain.

As a result, the plaintiff filed suit in the current matter alleging that the plaintiff's injuries were caused by Dr. Shober's negligence. She also asserts a claim against Lawrence County Eye Associates in Count II. In response, the defendants filed preliminary objections and a motion to strike certificate of merit for insufficiency.

First, the defendants claim that paragraphs 17 and 24 of the plaintiff's complaint are insufficiently specific. Paragraph 17 states, "The defendant, Michelle M. Shober, D.O., breached her obligations to plaintiff, generally, and in the following particulars." In addition, paragraph 24 states, "The defendant, Lawrence County Eye Associates breached its obligation to the plaintiff, and the injuries and damages which are hereinafter set forth were caused solely by and were the direct and proximate result of the carelessness, recklessness, negligence and malpractice of the defendant in any or all of the following respects..." The defendants argue that the inclusion of the terms "generally," "recklessness" and "negligence" renders those paragraphs as insufficiently specific.

The specificity of a pleading is governed by Pa.R.C.P. 1019, which states "(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pennsylvania is a fact-pleading jurisdiction, which requires the plaintiff to provide the defendant with notice of what the plaintiff's claim is and the grounds for the claim. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Com'n (PGC)*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (quoting *Sevin*

*v. Kelshaw*, 611 A.2d 1232, 1235 (Pa. Super. 1992)). Additionally, the plaintiff must summarize the facts essential to support the claims. *Id.* "The rule requires a plaintiff to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action. The pleading must be sufficiently specific so that the defending party will know how to prepare his defense." *Commonwealth ex rel. Pappert v. TAP Pharmaceuticals Products, Inc.*, 868 A.2d 624, 635 (Pa. Cmwlth. 2005) (citing *Department of Transportation v. Shipley Humble Oil Co.*, 370 A.2d 438 (Pa. Cmwlth. 1977)). The purpose behind the rules of pleading is to enable parties to ascertain, by utilizing their own professional discretion, the claims and defenses that are asserted in the case. *Krajsa v. Keypunch, Inc.*, 622 A.2d 355, 357 (Pa. Super. 1993). "The pleadings must adequately explain the nature of the claim to the opposing party so as to permit him to prepare a defense, and they must be sufficient to convince the court that the averments are not merely subterfuge." *In re Estate of Schofield*, 505 Pa. 95, 477 A.2d 473 (1984) (citing *Sokoloff v. Strick*, 404 Pa. 343, 172 A.2d 302 (1961); *Hornsby v. Lohmeyer*, 364 Pa. 271, 72 A.2d 294 (1950); *Rice v. Braden*, 243 Pa. 141, 89 A. 877 (1914)).

The defendants argue that the plaintiff's complaint violates the court's ruling in *Connor v. Allegheny General Hospital*, 501 Pa. 306, 461 A.2d 600 (1983), because it contains the terms "generally" in paragraph 17 and "recklessly" in paragraph 24. The defendants assert that those terms are vague and may be amplified throughout the litigation. In her brief, the plaintiff concedes that the term was merely an introductory phrase and does not permit her to amplify her allegations of negligence in this matter.

In *Connor*, the court determined that a subparagraph in the complaint which states, "otherwise fail[ed] to use due care and caution under the circumstances," lacked specificity and the defendant could have filed a motion to strike off that statement, but chose not to do so. *Id.*, 501 Pa. at 311, 461 A.2d at 603 fn. 3 (citing *Arner v. Sokol*, 373 Pa. 587, 592-593, 96 A.2d 854, 856 (1953); *King v. Brillhart*, 271 Pa. 301, 114 A. 515, 516 (1921)). However, a complaint is sufficiently specific if the whole complaint contains material facts which set forth a cause of action. *Lipinsky v. Graham*, 88 Pa. D. & C. 156, 158 (Pa. Com. Pl. Mercer 1954). "In determining whether a particular paragraph in a complaint has been stated with necessary specificity, such paragraph must be read in context with all other allegations in that complaint." *Yacoub v. Lehigh Valley Medical Associates, P.C.*, 805 A.2d 579, 589 (Pa. Super. 2002). "A more specific complaint will not be required where the details requested are evidentiary in nature." *Hock v. L.B. Smith, Inc.*, 69 Pa. D.& C. 2d 420, 423 (Pa. Com. Pl. Columbia 1974) (citing *General Acceptance Corp. v. Wilson*, 40 Northumb. L.N. 54).

In *Lipinsky*, supra., the plaintiff's complaint contained an averment that the defendant was operating his vehicle "at an excessive rate of speed under the circumstances." Although the court found that allegation to be overly-broad, the complaint as a whole was sufficiently specific to place the defendant on notice of the plaintiff's claims and the defendant's preliminary objection was overruled. *Lipinsky*, 88 Pa.D.&C. at 158.

In the current matter, the plaintiff utilized the terms "generally" and "recklessness," which appear to be vague; however, the court must examine the plaintiff's complaint

as a whole and determine if the claims are averred in a manner that provides the defendants with notice of the specific claims being asserted. First, paragraph 17 contains the term "generally" as an introductory phrase and it is followed by subparagraphs (a) through (j), which identifies the allegedly negligent conduct of Dr. Shober, Included in those subparagraphs are averments that explain that Dr. Shober was negligent in failing to properly diagnose the plaintiff's condition, failing to refer the plaintiff to a specialist to treat her condition, ignoring complaints and symptoms of the plaintiff, omitting proper precautions or proper remedies to minimize the potential for loss of eyesight and failing to exercise reasonable judgment in diagnosing the plaintiff's condition. Clearly, these averments are sufficiently specific to provide the defendant with adequate notice of the claims being asserted and the defendant is able to begin formulating a defense based upon the allegations in the complaint. In addition, the plaintiff concedes that the term "generally" was included in paragraph 17 as an introductory phrase and it does not permit the plaintiff to amplify its claim of negligence. Thus by this concession, plaintiff will be precluded from expanding on its theory of liability except as set forth in the subparagraphs.

Moreover, paragraph 24 contains the introductory phrases "recklessness" and "negligence"; however, it is also followed by subparagraphs (a) through (i), which explain the specific manner in which Lawrence County Eye Associates were reckless or negligent. In those subparagraphs, the plaintiff claims that Lawrence County Eye Associates failed to promptly or properly diagnose the plaintiff's condition, its employees did not possess

the requisite educational background to diagnose the plaintiff's condition, failing to continually educate its employees and failing to establish appropriate protocol for the treatment of patients. Again, an examination of these allegations clearly demonstrates that the plaintiff provided the defendants with sufficient notice regarding the claims that are being asserted and the defendants have the ability, based on those allegations, to formulate a defense. Therefore, the defendants' first preliminary objection is overruled.

Next, the defendants assert that the plaintiff's complaint lacks sufficient factual averments to support the allegation that Lawrence County Eye Associates were reckless in the current case.

Pa.R.C.P. No. 1019(b) states, "averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally." It is apparent that recklessness may be averred generally in conformance with Pa.R.C.P. 1019(b) because it is a state of mind. *Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. 2009) (citing *Ammlung v. City of Chester*, 302 A.2d 491, 497 (Pa. Super. 1973)).

In *Archibald*, the appellants filed suit against the appellee resulting from injuries sustained when the appellee checked one of the appellants while participating in an adult no-check ice hockey league. The court determined that the standard to be applied in that case was whether the appellee's actions were reckless as the alleged tortious conduct occurred during a sporting event. *Id.*, 971 A.2d at 518. Reckless means the actor commits an "act or intentionally fails to do an act which it is his duty to the other

to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." *Id.*, 971 A.2d at 519 (citing Restatement (Second) of Torts § 500 (1965)). The *Archibald* court recognized that recklessness, willfulness or wantonness is a degree of care which can be described as aggravated negligence and "they apply to conduct which is still, at essence negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is to be treated in many respects as if it were so intended." *Id.* (citing *Stubs v. Frazer*, 454 A.2d 119 (Pa. Super. 1982)). The court also noted that malice, intent, knowledge and other conditions of mind may be averred generally in accordance with Pa.R.C.P. 1019(b) and, due to recklessness being defined as wanton and willful misconduct, recklessness is a condition of mind that the appellants were permitted to aver generally. *Id.* Additionally, the *Archibald* court ruled that the appellants provided sufficient evidence to support a claim that the appellee's conduct was reckless as there was testimony that the appellee's actions were deliberate and could cause serious injuries. Therefore, the *Archibald* court decided that it was proper for the trial court to permit the appellants to proceed with a claim of recklessness or intentional conduct in a cause of action that sounded in negligence. *Id.*

In the instant case, it appears that the plaintiff has averred a claim of negligence against Dr. Shober and Lawrence County Eye Associates, but the complaint also contains allegations that the agents, servants or employees

of Lawrence County Eye Associates performed acts that a reasonable person would realize created a substantial risk of further injury to the plaintiff. Those averments include hiring personnel that lacked the sufficient skills or qualifications to properly diagnose the plaintiff's condition, failing to sufficiently train or educate employees and failing to establish protocols to diagnose someone with the plaintiff's symptoms. Although this conduct appears to establish a claim in negligence, the plaintiff provides a general averment that Lawrence County Eye Associates' conduct demonstrated recklessness, which raises a question of fact as to whether the actions performed by the agents of Lawrence County Eye Associates were so far removed from the proper course of conduct that it must be treated as though it were intended. In accordance with the court's ruling in *Archibald*, the plaintiff is permitted to maintain her general averment of recklessness, even though the complaint, when read in its entirety, sounds like a cause of action in negligence. The defendants' second preliminary objection is overruled.

The defendants also argue that the plaintiff failed to adequately identify the agents, servants or employees of Lawrence County Eye Associates that she referred to in her complaint.

It is apparent that the plaintiff is not required to plead all the various details of the alleged agency relationship, but the plaintiff must state facts which: (1) identify the agent by name or appropriate description; and (2) set forth the agent's authority, and how the tortious acts of the agent either fall within the scope of that authority, or if unauthorized, were ratified by the principal. *Rachlin v. Edmison*, 813 A.2d 862, 870 (Pa. Super. 2002) (citing

*Alumni Association v. Sullivan*, 535 A.2d 1095, 1100 n. 2 (Pa. Super. 1987)). In *Yacoub v. Lehigh Valley Medical Associates, P.C.*, 805 A.2d 579 (Pa. Super. 2002), the appellant attempted to assert an ostensible agency relationship between a hospital and the radiologists who provided medical care to the decedent. In the complaint, the appellant averred that all of alleged acts were performed or not perfomed by the hospital's "agents, ostensible agents, servants, workmen and/or employees, acting in the course and scope of their employment with and on behalf of said defendant." The Yacoub court stated that it must examine the aforementioned allegation along with all of the other averments in the complaint to determine if the complaint was sufficiently specific. *Id.*, 805 A.2d at 589 (citing *Smith v. Wagner*, 588 A.2d 1308, 1310 (Pa. Super. 1991)). The court recited numerous paragraphs in the complaint that set forth in detail the negligent acts of the hospital's purported agents and ruled that, after reading the complaint as a whole, it was sufficiently specific as it clearly called into question the care provided by the radiology department. *Id.* Thus, the complaint provided the hospital with sufficient notice of the claims against which it must defend.[1] *Id.*

In the case sub judice, the plaintiff's complaint references "agents, servants, physicians, nurses, medical personnel and/or employees"; however, it fails to adequately identify specific individuals, whether by name, position

---

1. It must be noted that the *Yacoub* court stated that the hospital could have filed a preliminary objection to request a more specific pleading and it chose not to do so. However, the court held that the complaint was sufficiently specific to provide the hospital with notice of the appellant's claims even though the purported agents or ostensible agents were not identified by name. *Id.*

or description, who performed the alleged negligent acts other than Dr. Shober. In *Yacoub*, the court explained that the complaint, when read as a whole, clearly indicated that the agents or servants identified were members of the radiology department. In this case, the complaint in its entirety does not describe the agents or their particular job descriptions who actually treated the plaintiff. From the description provided in the complaint, it appears that the entire staff employed by Lawrence County Eye Associates were responsible for the treatment and diagnosis of the plaintiff. As a result, the plaintiff has not provided an adequate description of the agents of Lawrence County Eye Associates as is required under the courts decisions in *Rachlin* and *Yacoub*. It must be noted that paragraphs 23 and 24(a) specifically refer to Dr. Shober as an agent of Lawrence County Eye Associates. Therefore, the court sustains the third preliminary objection as to the general references to "agents, servants, physicians, nurses, medical personnel and/or employees" are stricken; however, the averments regarding Dr. Shober in paragraphs 23 and 24(a) are not stricken. The plaintiff is granted leave to amend her complaint to conform to the court's ruling.

Finally, the defendants contend that count II of the plaintiff's complaint is legally insufficient because the Pennsylvania courts have refused to extend corporate negligence to physician practice groups.

In *Thompson v. Nason Hosp.*, 527 Pa. 330, 339, 591 A.2d 703, 707 (1991), the Pennsylvania Supreme Court recognized that hospitals may be held liable for a failure to uphold the proper standard of care owed to a patient under the doctrine of corporate negligence. The corporate negligence of a hospital is derived from the negligent

acts of the institution itself arising from the policies and actions or inaction of the institution rather than the specific acts of the hospital employees. *Rauch v. Mike-Mayer*, 783 A.2d 815, 827 (Pa. Super. 2001) (quoting *Welsh v. Bulger*, 548 Pa. 504, 513, 698 A.2d 581, 585 (1997)). Thus, the hospital is held directly liable, as opposed to being held vicariously liable for the actions of their employees and the injured party does not need to rely on the liability of the employee. *Id.* A hospital may be liable if it fails to uphold any of the following four duties:

1.   a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

2.   a duty to select and retain only competent physicians;

3.   a duty to oversee all persons who practice medicine within its walls as to patient care; and

4.   a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients. *Whittington v. Episcopal Hosp.*, 768 A.2d 1144, 1149 (Pa. Super. 2001) (citing *Thompson*, supra.).

Additionally, a prima facie case for corporate negligence is established when the plaintiff demonstrates that the following elements exist:

1.   the hospital acted in deviation from the standard of care;

2.   the hospital had actual or constructive notice of the defects or procedures which created the harm; and

3.   the hospital's conduct in question was a substantial

factor in bringing about the harm. *Id.*

The theory of corporate negligence has been extended to nursing homes by several Pennsylvania courts of common pleas. *Capriotti*, 72 Pa. D. & C. 4th at 572 (citing *Frantz v. HCR Manor Care Inc.*, 64 Pa. D. & C. 4th 457 (2003)). The *Capriotti* court reasoned that corporate negligence is an evolving doctrine which is based on the systematic or institutional negligence of an organization, not the negligence of individual employees. *Id.*, 72 Pa. D. & C. 4th at 571. It was noted that the Pennsylvania Superior Court extended corporate negligence to health maintenance organizations (hereinafter "HMOS") even though they do not practice medicine as they control daily decision-making that affects patient care. *Id.* (citing *Shannon v. McNulty*, 718 A.2d 828, 835 (Pa. Super. 1998)). The *Capriotti* court quoted the *Shannon* court as stating, "'We see no reason why the duties applicable to hospitals should not be equally applicable to an HMO when that HMO is performing the same or similar functions of a hospital.'" *Id.* Next, the court cited *Frantz*, supra., as the first court of common pleas to extend the theory of corporate liability to nursing homes as the *Frantz* court overruled the defendant's preliminary objections claiming that corporate liability did not apply to nursing homes. *Id.*, 72 Pa. D. & C. 4th at 571.

In *Capriotti*, 72 Pa. D. & C. 4th at 572, the court overruled the defendant's preliminary objection that the theory of corporate negligence did not apply to cases involving nursing homes. The plaintiff averred that the defendant, a nursing home, was grossly understaffed and underfunded. The facility failed to appropriately train the staff and permitted the plaintiff to be neglected. The

plaintiff also set forth that the patient sustained injuries due to poor treatment at the facility through the acts and omissions of the corporate owners of the nursing home. The court reasoned, "The corporate defendants exercised comprehensive control over the treatment and care accorded to the plaintiff, and in this regard acted analogously to a hospital or HMO, and not simply as a facility where the patient was housed while others performed medical care." *Id.* Therefore, the *Capriotti* court permitted the plaintiff's claims for corporate liability to remain and dismissed the defendant's preliminary objection. *Id.*

Moreover, this court has extended the theory of corporate negligence to a case involving a nursing home in *Wolf v. Indian Creek Healthcare, Inc.*, 11721 OF 2008 C.A. (Com. Pl. Lawrence 2009). In that case, the plaintiff averred that the defendant nursing home did not routinely enforce certain policies and failed to adequately inform its staff about specialized care that, ultimately, led to the plaintiff's death. This court reasoned that nursing homes assume the responsibility to provide their patients with comprehensive medical care similar to hospitals as they hire extensive medical staff including registered nurses, certified nursing assistants, respiratory therapists and licensed practical nurses. *Id.*

Conversely, in *Sutherland v. Monongahela Valley Hospital*, 856 A.2d 55, 62 (Pa. Super. 2004), the court ruled that corporate negligence should not be extended to physician practice groups. In *Sutherland*, the appellee underwent a surgical procedure performed by the appellant doctor at Monongahela Valley Hospital. As the surgical anesthesia wore off, the appellee began complaining of burning pain in her calf. The appellant doctor attempted to

alleviate the pain by bending the splint on the appellant's leg to stop it from rubbing on her skin. Subsequently, the appellee called the appellant doctor's office complaining about pain, but the doctor did not return her telephone call. She then contacted her family physician who performed an examination and observed a wound developing under the splint. The appellee was referred to a plastic surgeon for treatment of the wound, which required a debridement of the area and a skin graft because the area was burned and infected. The appellee's leg was severely disfigured because of that injury. As a result, the appellee filed suit against the appellant doctor, another doctor, the hospital where the surgery was performed and the appellant doctor's physician practice group. The jury found in favor of the appellee and a judgment of $150,000.00 was entered against the appellant doctor. The trial court subsequently modified that verdict to include the appellant's physician practice group as jointly liable. The appellant doctor appealed and argued, among other issues, that the trial court erred in failing to charge the jury that they could consider the individual negligence of the physician practice group under the theory of corporate negligence. The Pennsylvania Superior Court rejected that argument.

The appellant doctor argued that corporate negligence should be extended beyond hospitals to physician's offices. The *Sutherland* court, quoting *Thompson*, supra., explained that hospitals have undertaken the role of comprehensive health care centers that are responsible for coordinating the total health care of its patients. *Sutherland*, 856 A.2d at 62. However, the court also stated, "The same cannot be said for a physician's practice group. Accordingly, we decline [the appellant doctor's] invitation to extend

the negligence principles contemplated by *Thompson* to the case sub judice." *Id.* Hence, the *Sutherland* court determined that trial court did not err in refusing to instruct the jury regarding corporate negligence as it relates to the appellant doctor's physician practice group. *Id.*

In the case sub judice, the plaintiff's complaint describes Lawrence County Eye Associates as "a corporation duly organized and existing by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located at 708 N. Jefferson St., New Castle PA 16101, County of Lawrence and Commonwealth of Pennsylvania." However, the plaintiff does not provide any further description as to the day-to-day operation of Lawrence County Eye Associates. More specifically, the complaint is devoid of any reference that Lawrence County Eye Associates has undertaken the role of a comprehensive health care center, which is responsible for coordinating the total health care of its patients. Clearly, the court in *Sutherland* held that a plaintiff can only assert a claim for corporate negligence if the health care provider undertakes the responsibility of coordinating the health care of its patients. There is no indication that Lawrence County Eye Associates has assumed that responsibility. Thus, the plaintiff's claim for corporate negligence is legally insufficient. However, count II contains averments that Lawrence County Eye Associates are vicariously liable for the acts of its agent, Dr. Shober. As a result, any allegations of vicarious liability located in count II are permissible. The court sustains the defendants' fourth preliminary objection in part and the averments regarding corporate negligence are stricken.

The defendants have also filed a motion to strike

certificate of merit for insufficiency, in which the defendants claim that the plaintiff violated Pa.R.C.P. No. 1042.3(b)(1), which requires separate certificates for each licensed professional against whom the claims are asserted, because the plaintiff filed a certificate for Michelle M. Shober, D.O., and a certificate for Michelle M. Shober, D.O., and Lawrence County Eye Associates, but did not file certificates for the unnamed agents, servants or employees referenced in the complaint.

Certificates of merit are governed by Pa.R.C.P. No. 1042.3, which states:

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(b)(1) A separate certificate of merit shall be filed to each licensed professional against whom a claim is asserted.

(2) If a complaint raises claims under both subdivisions (a)(1) and (a)(2) against the same defendant the attorney for the plaintiff, or the plaintiff if not represented, shall file

(i) a separate certificate of merit as to each claim raised, or

(ii) a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).

A note following Pa.R.C.P. No. 1042.3 explains that, "certificates of merit must be filed as to the other licensed professionals whether or not they are named defendants in the action." It is also generally recognized that a rigid application of the procedural rules does not always serve the interests of fairness and justice. *Womer v. Hilliker*, 589 Pa. 256, 267, 908 A.2d 269, 276 (2006) (citing *Pomerantz v. Goldstein*, 479 Pa. 175, 387 A.2d 1280, 1281 (1978)). Pa.R.C.P. No. 126 was promulgated to avoid a rigid and unfair application of procedural rules which do not affect the substantial rights of the parties. *Id.* "With this language, we incorporated equitable considerations in the form of a doctrine of substantial compliance into Rule 126, giving the trial courts the latitude to overlook any 'procedural defect' that does not prejudice a party's rights." *Id.* (citing

*Sahutsky v. H.H. Knoebel Sons*, 566 Pa. 593, 782 A.2d 996, 1001 (2001)).

In *Kennedy v. Butler Memorial Hospital*, 901 A.2d 1042 (Pa. Super. 2006), the plaintiff's certificates of merit contained language of subsection (a)(1), even though there are clear directives concerning the language necessary in vicarious liability cases contained in subsections (a)(2) and (b)(2). However, the court determined that the plaintiff substantially complied with Pa.R.C.P. No. 1042.3 because of the detailed nature of the amended complaint, the certificate of merit was timely filed, the hospital knew that the certificate of merit referred to the actions of its employees and the hospital was not prejudiced. *Id.*, 901 A.2d at 1047.

In the current case, the defendants claim that the plaintiff failed to comply with Pa.R.C.P. 1042.3 because she did not file separate certificates for each licensed professional against whom a claim is asserted. Additionally, the plaintiff did not file separate certificates of merit for the other licensed professionals that were referred to as agents, servants or employees. The plaintiff has filed two separate certificates of merit which were entitled certificate of merit as to Michelle M. Shober, D.O. and certificate of merit as to defendants, Michelle M. Shober, D.O. and Lawrence County Eye Associates, P.C.

It appears the central issue to resolve is whether the certificate of merit naming both Dr. Shober and Lawrence County Eye Associates substantially complied with Pa.R.C.P. 1042.3. That certificate of merit contains the requisite language established in Pa.R.C.P. No. 1042.3(a)(1), even though it also contains Dr. Shober's name as

well. As the *Kennedy* court explained, it is important to examine the certificate and the complaint in its entirety to determine if the certificate substantially complies with Pa.R.C.P. No.1042.3. Moreover, the court must also consider whether the defendants were aware of the facts supporting the plaintiff's claims and whether the defendants are prejudiced by the deficiencies in the certificate of merit. In this case, the plaintiff's complaint adequately explains the claims against Dr. Shober and Lawrence County Eye Associates. More specifically, the complaint establishes a negligence claim in count I against Dr. Shober individually and count II is a claim against Lawrence County Eye Associates. Moreover, the plaintiff filed a separate certificate of merit for Dr. Shober, which indicates that the certificate naming both Dr. Shober and Lawrence County Eye Associates is actually filed against Lawrence County Eye Associates because of the acts of its agent, Dr. Shober. The defendants should know that the claims being asserted in the complaint are referring to a deviation from the professional standards by Dr. Shober individually and Dr. Shober as an agent for Lawrence County Eye Associates. As a result, the defendants have not been prejudiced by any possible deficiency in the certificates of merit. Therefore, the defendants' motion to strike certificates of merit for insufficiency is denied.

For the reasons set forth in this opinion, the court has overruled the defendants' first and second preliminary objections. The court sustains the defendants' third preliminary objection in part and overrules it in part as the general references to agents, servants or employees are stricken; however, the specific references to Dr. Shober as an agent of Lawrence County Eye Associates in

paragraphs 23 and 24(a) are not stricken. The defendants' fourth preliminary objection is sustained in part and the plaintiff's averments of corporate negligence are stricken; however, any allegations of vicarious liability located in count II regarding the acts of Dr. Shober as an agent for Lawrence County Eye Associates are legally sufficient. The court has granted the plaintiff leave to amend her complaint. Moreover, the court denies the defendants' motion to strike certificates of merit for insufficiency.

## ORDER OF COURT

And now, January 19, 2011, this case being before the court on November 29, 2010, for oral argument on the preliminary objections filed by the defendants, with counsel for both parties appearing, the plaintiff, Jane Imblum, represented through counsel, Richard J. Schubert, Esquire, and the defendants, Michelle M. Shober, D.O. and Lawrence County Eye Associates, represented through counsel, Jason M. Logue, Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court, in accordance with the attached opinion, enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. The first preliminary objection in the nature of a motion to strike general allegations of negligence is hereby overruled.

2. The second preliminary objection in the nature of a motion to strike allegations of recklessness is hereby overruled.

3.   The third preliminary objection in the nature of a motion to strike general allegations of agency is hereby sustained in part and overruled in part. The court sustains the preliminary objection to the general references to agents, servants or employees of Lawrence County Eye Associates and said references are hereby stricken from the complaint. The preliminary objection as to any specific references as to Michelle M. Shober, D.O. being an agent of Lawrence County Eye Associates is hereby overruled.

4.   The fourth preliminary objection in the nature of a motion to strike corporate negligence claims is hereby sustained, however any valid allegations of vicarious liability regarding the acts of Michelle M. Shober, D.O. as an agent for Lawrence County Eye Associates are legally sufficient and shall not be stricken from the record. Any claim for corporate negligence is stricken from the complaint.

5.   Plaintiff may file an amended complaint within twenty (20) days after notice of this order of court. If plaintiff chooses not to file an amended complaint, then defendants shall file an answer to the complaint within twenty (20) days of the expiration of the time frame for plaintiff to file an amended complaint.

6.   The motion to strike certificate of merit for insufficiency filed by the defendants is hereby denied.

7.   The prothonotary is directed to serve a copy of this order of court upon counsel of record, Richard J. Schubert, Esquire for the plaintiff and Jason M. Logue, Esquire for the defendants.